# McIntyre *v.* The State.

*Indictment for Violation of Revenue Law.*

1. *Sufficiency of indictment in statement of time.*—In an indictment under the revenue law of 1875 (Sess. Acts 1874-75, 3-47), for being engaged in "the business of taking pictures," without the license required by that law, the indictment being found in July of that year, an averment that the defendant engaged in the business "before the finding of this indictment," without more, is not sufficient on demurrer: the averment should be, "before the finding of this indictment, *and after the first day of April*, 1875," that being the day on which a license was first required.

2. *Sufficiency of new indictment, after quashing former.*—When an indictment

is quashed, and a new indictment preferred for the same offense, as authorized by the statute (Rev. Code, § 4146), the sufficiency of the new indictment must be tested as if it were found at the same time the former was found.

FROM the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The defendant in this case was indicted, at the July term of said court, 1875, for carrying on "the business of taking pictures," without having taken out a license under the provisions of the revenue law approved March 19, 1875; but that indictment was quashed, on motion of defendant, and a new indictment was ordered by the court to be preferred for the same offense.—Rev. Code, § 4146. At the ensuing July term, 1876, the indictment in the present case was found, which charged, in its first count, that the defendant, "before the finding of this indictment, did engage in, or carry on, the business or profession of taking pictures, without having paid for and taken out a license," etc. The defendant demurred to this count, but the court overruled his demurrer, and held the count sufficient; and the judgment on the demurrer is now urged as error.

WATTS & SONS for the defendant.—The indictment is fatally defective in its statement of time. The only averment is, that the defendant carried on the business, etc., "before the finding of this indictment;" which means within twelve months next preceding the 22d day of July, 1876, the day on which the indictment was found; and thus construing the indictment, it covers four months after the repeal of the law under which it was found. If, however, the indictment is to be construed as if found at the July term, 1875, it is equally defective, because it would then cover a period of time during which no license was required. It should have averred that the business was carried on, etc., "before the finding of this indictment, and after the first Monday in April, 1875." It should have averred, also, that the defendant carried on the business for profit or reward, or as a means of livelihood, since that is a necessary ingredient of the offense.

JNO. W. A. SANFORD, Attorney-General, for the State.—The revenue law of 1876, which repealed the law of 1875, expressly excepts from its repealing clause all "civil or criminal suits" to enforce the provisions or penalties of the former law. The indictment follows approved forms, and uses the language of the statute in charging the offense.—*Harris v. The State*, 50 Ala. 127; *Weil v. The State*, 52 Ala. 19; *Batre v. The State*, 18 Ala. 119.

STONE, J.—The revenue law, approved March 19, 1875 (Pamph. Acts 1874–5, pp. 3, 36), requires that a license shall be taken out by many designated classes of persons, who "shall be engaged in, or carry on any business or profession, *       *      for the prosecuting or carrying on of which a license is by law required to be taken out." One of the classes of persons who are thus required to take out a license, embraces those who are engaged in "the business of taking pictures, by whatever mode, or on whatever material." Pamph. Acts, 41, § 101.

This act, as we have seen, was approved March 19, 1875. That parties falling within its provisions might have time to conform to its requirements, the statute, in reference to the year of its enactment, 1875, allowed parties thus engaged in, or carrying on such business or profession, till the first Monday in April to take out such license; and, in reference to any year after 1875, till the first Monday in March.—See p. 36, § 101. This was an annual license, to be taken out each year, and beginning and ending with the year. Until the first Monday in April, 1875, it was no offense against the statute to be engaged in, or to carry on any such business or profession. This, because the statute had failed to require this duty before the named days. This, like many other misdemeanors, is barred by the statute of limitations, unless the prosecution is commenced within twelve months after the commission of the offense. An indictment, in the form employed in this case, is, in legal effect, a charge that the offense was committed within twelve months before the indictment was found.—*Noles v. The State*, 26 Ala. 672. An indictment found in July, 1875, and making no reference to date of the offense, cannot be construed as charging that the business was engaged in after the first Monday in April of that year. To be sufficient, the indictment should contain this averment. The present, being only a continuation of the prosecution commenced at the July term, 1875, the sufficiency of the new indictment must be tested as if it were found at that term.

Lest this opinion may mislead, we feel it our duty to say, until the approval of the act of March 19, 1875, no license was required for engaging in the business of taking pictures. We need not, and do not say, what would have been the rule, if the law, before the enactment of that statute, had required that a license should be obtained for engaging in, or carrying on the business of taking pictures. We leave the question open until it comes before us.

The demurrer to the first count of the indictment should have been sustained. The judgment is reversed, and the

cause remanded. Let the defendant remain in custody, until discharged by due course of law.