# Reed *v.* The State.

## *Indictment for Robbery.*

1. *Sufficiency of indictment in description of property taken.*—An indictment for robbery, which charges that the defendants feloniously took from the possession of C. T., by violence to his person, and against his will, "one can of lard, of the value of $4.00, one side of meat, of the value of $3.00, and $3.60 in money of the United States of America, the property of P. W., of the value of $3.60," is sufficient to support a judgment of conviction, although the money is not described with sufficient certainty and definiteness.

FROM the Criminal Court of Jefferson.
Tried before the Hon. S. E. GREENE.

DENISON & PITTMAN, for appellant, cited *Crocker v. State,* 47 Ala. 53; *Grant v. State,* 55 Ala. 201; *Levy v. State,* 79 Ala. 259.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The sole question presented by the record arises on a motion to arrest the judgment of conviction. The ground of the motion is, that the indictment does not charge any offense known to the law. It contains only one count, which avers that the accused and two other persons "feloniously took one can of lard of the value of four dollars, one

[Hawes v. The State.]

side of meat of the value of three dollars, and three dollars and sixty cents in money of the United States of America, the property of Phillip Woolen, in the presence and from the possession of Charlie Thompson, by violence to his person, and against his will, the money so taken being of the value of three dollars and sixty cents." Counsel, in their brief, contend that the description of the money is so vague and uncertain that a conviction under the indictment can not be sustained. It may be conceded that the allegation as to the money is defective, and insufficient in not stating the number and denomination, which has been held in several cases to be necessary.—*Burney v. State*, 87 Ala. 80; *Seay v. State*, 79 Ala. 259. This does not vitiate the indictment.

The count charges only one offense—the taking of three different kinds of property, at the same time, and from the same person. The defective allegation is in respect to only one kind of the property; the description of the other two being certain and definite. The insufficient allegation as to the money may be stricken out, and enough will remain to charge the offense. "An indictment containing defective allegations is good, if, rejecting them, enough remains to satisfy the requirements of the law."—1 Bish. Crim. Pro. § 480. On satisfactory proof that the lard and meat were feloniously taken by force, or fear, the defendant could have been properly convicted, though it was not shown that any money was taken; and if the proof showed that only money was taken, the defendant could have protected himself against conviction by a proper charge.

Affirmed.