# Taylor *v.* The State.

### *Indictment for Selling Liquor Without a License.*

1. *Indictment; Christian name.*—An indictment which charges that Mat Taylor, "whose Christian name is to the jury otherwise unknown," sold vinous, spirituous or malt liquors without a license, &c., is sufficient, it being immaterial whether the grand jury knew his other Christian name or not; the averment that his other name was unknown to that body will be treated as surplusage.

2. *Same; where statutes conflict conviction referred to valid statute.*— Where the form of an indictment is good under either a general law or a special statute, and it should be held that the special statute repeals the general law for the county in which the indictment is found, the conviction will be referred to the special statute.

3. *Same; election.*—Where an indictment contains two counts, the first charging that the defendant before the finding of the indictment sold vinous or spirituous or malt liquors without a license, &c., and the second count charges that the defendant "at another time sold vinous or spirituous liquors without a license," &c., and the State introduces a witness whose testimony tended to show that the defendant within twelve months before the finding of the indictment sold witness a pint of whiskey in said county, and this being all the evidence a motion by defendant to require the solicitor to elect on which .count of the indictment he would ask a conviction is properly overruled.

APPEAL from the Circuit Court of Sumter.
Tried before the Hon. SAMUEL H. SPROTT.

SMITH, VANDEGRAAFF and TRAVIS, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

The appellant was indicted, tried and convicted under the following indictment: "The grand jury of said county charges that before the finding of this indictment Matt. Taylor, whose Christian name is to the grand jury otherwise unknown, sold vinous or spirituous or malt liquors, without a license and contrary to law.

"The grand jury of said county further charges that before the finding of this indictment Matt. Taylor, whose Christian name is to the grand jury otherwise unknown, at another time, sold vinous or spirituous liquors without a license and contrary to law, against the peace and dignity of the State of Alabama."

On the trial of the case the defendant moved to quash the indictment on the following grounds:

"That this defendant is indicted under the general revenue laws of the State, for a violation of the revenue law thereof, and that said general law does not apply to or obtain in Sumter county. That the last prohibition law passed for Sumter county, found in the acts of 1890-91, repealed all laws and parts of laws in conflict therewith, thereby repealing the general revenue law so far as the same applies to Sumter county. That the special prohibition law of said county left the grand jury no discretion in finding true bills for violations of said law, and especially set out the fact that the grand jury *shall* find indictments in all *prima facie* cases of violations of said special law; and the only law under which this defendant can be indicted for the offense with which he stands charged, would be under the provisions of the special prohibition law of said county, wherefore he moves the honorable court to *quash* the said indictment." This motion to quash was overruled, and the defendant excepted. Thereupon the defendant demurred to the indictment on the following grounds :

1. "That the indictment alleges that the Christian name of the defendant is Matt. Taylor, and at the same time alleges that his Christian name is to the grand jury otherwise unknown, thereby creating a variance."

2. That the allegations of the indictment as to the defendant's name is repugnant.

3. That the second count of the indictment is defective in that it is not definite, and does not allege at what specified time said act was committed, but simply says "at another time."

4. That the defendant is indicted under the general revenue law of the State, which law does not apply to the said county.

Each ground of this demurrer being overruled, the defendant duly excepted, and then filed his plea in abatement, alleging a variance and irregularity in reference to the name of the defendant, as set out in the first two grounds of the demurrer.

The State demurred to this plea in abatement, and the court having sustained the demurrer, the defendant duly excepted. Issue having been joined on the plea of not guilty, the State introduced a witness whose evidence tended to show that the defendant had, within twelve months before the finding of this indictment, sold said witness a pint of whiskey in said county, for which the defendant paid fifty cents.

This being all the evidence, the defendant moved the

court to require the solicitor to elect upon which count of the indictment he asked for a conviction, which motion the court overruled, and the defendant duly excepted.

HEAD, J.—The law recognizes but one Christian name of a person. It was sufficient to indict the defendant by the name of Matt. Taylor, without reference to any other name. It was wholly immaterial whether the grand jury knew his other name or not, if he had any, and the statement in the indictment that such other name was to that body unknown was unnecessary and will be rejected as surplusage. It is not a case of an immaterial averment descriptive of the defendant which it is necessary to prove because alleged. The rulings of the Circuit Court on this objection were free from error.

There is no merit in the objection to the indictment, which supposes it was presented under section 4036 of the Code, and that that section was repealed by the prohibition act for Sumter county. Acts 1890-91, p. 312. The form of the indictment pursued in this case is good, either under section 4036 *supra*, or the prohibition act. See § 4037 Code. If there was anything in the point that the latter repealed the former, the conviction would be referred to the latter.

There was no case presented for an election by the solicitor of which count of the indictment he would ask for a conviction under.

We find no error in the record and the judgment is affirmed.

Affirmed.

