# Cagle *v.* The State.

## *Retailing Liquor Without License.*

(Decided June 13, 1907.  44 South. 381.)

1. *Indictment; Form of; Record.*—An indictment which does not conclude "against the peace and dignity of the state of Alabama" states no offense and will not support a conviction.—Section 170, Constitution of 1901; Sec. 4893, Code 1896.

2. *Jury; Challenges.*—When a juror has been accepted by both state and defendant he is not subject to challenge for cause by either side.

3. *Intoxicating Liquors; Evidence; Intention of Witness.*—Whether a witness used the beverage bought as a substitute for whiskey, and whether he drank it for the alcohol that was in it, called for the reasons and intentions of the witness, not proper to be shown.

4. *Trial; Indictment; Directing Verdict.*—Where the indictment is not sufficient to support a conviction the defendant is entitled to the affirmative charge with hypothesis, if requested.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Luke Cagle appeals from a conviction for selling liquor without license and contrary to law. Reversed and remanded.

HOWARD & HUNT, for appellant.—The court erred in allowing the solicitor to challenge the juror Jackaway after he had been accepted by both the state and defendant.—*Sparkes v. The State*, 59 Ala. 82; *Spigner v. The State*, 62 Ala. 283; *Smith v. The State*, 55 Ala. 1. It is not competent for a witness to testify that he drank a beverage for the alcohol that was in it.—*Carl v. The State*, 87 Ala. 17. It would not have been permissible for the jury to taste or smell the liquor in controversy. —*Wadsworth v. Duncan*, 117 Ala. 661; *State v. Elred*, 56 Pac. 153; *State v. Cogniss*, 62 Pac. 247.

[Cagle v. The State.]

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

DENSON, J.—The Constitution and the statute law of the state require that all indictments must conclude "against the peace and dignity of the state of Alabama." —Const. 1901, § 170; Code 1896, § 4893. An indictment which fails to contain the conclusion as stated fails to state an offense and will not support a conviction. The indictment as shown by the record in this case does not contain the conclusion required, and therefore the judgment of conviction must be reversed.

We note, too, that the second count in the indictment fails to contain the necessary averments that the sale was "without a license and contrary to law."

The juror Jackoway, having been accepted by the state and the defendant, was not subject to peremptory challenge by either side, and the court committed reversible error in allowing the solicitor, against defendant's objection, to challenge him peremptorily.—*Bob Andrews v. State,* 44 South. 696.

The questions to the state's witness Campbell, "Did you use it as a substitute for liquor?" and "Did you drink it for the alcohol that was in it?" called for the reasons and intention of the witness, and should not have been allowed over the objections of the defendant.

Amongst the many charges asked by the defendant and refused by the court was the general affirmative charge with hypothesis. We have seen that the indictment will not support a conviction, and therefore the court erred in refusing this charge.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.