(86 South. 172)

HOWARD v. STATE.　(4 Div. 609.)

(Court of Appeals of Alabama.　April 13, 1920. Rehearing Denied June 1, 1920.)

1. INDICTMENT AND INFORMATION ⊜⇒87(8)— INDICTMENT UNDER RECENT STATUTE, NOT STATING TIME OF OFFENSE, HELD INSUFFICIENT.

An indictment, returned and filed on April 29, 1919, charging the unlawful manufacture of liquors, was too vague, uncertain, and ambiguous to support a judgment of conviction under act approved January 25, 1919 (Acts 1919, p. 16, § 15), where it did not state the date of the offense; the offense being a misdemeanor if committed prior to January 25, and a felony if committed after such date, in view of Const. 1901, § 6, providing that an accused has the right to demand the nature and cause of the accusation against him, and Code 1907, § 7139.

2. CRIMINAL LAW ⊜⇒417(2)—CONVERSATIONS OUT OF PRESENCE OF ACCUSED NOT ADMISSIBLE.

In a criminal prosecution, a witness could not testify as to a conversation between himself and third persons, where the conversation was not held in the presence or hearing of the accused.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Burrell Howard was convicted of manufacturing prohibited liquors, and he appeals. Reversed and rendered.

McDowell & McDowell, of Eufala, for appellant.

The defendant was entitled to the affirmative charge under the evidence. 7 Ala. App. 144, 62 South. 270; 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536. The indictment charged no offense, or was so indefinite as to time, etc., that it cannot support a conviction.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel did not raise the question in the court below, and hence cannot raise it here. 119 Miss. 473, 81 South. 166, 4 A. L. R. 1487. Counsel did not raise the question in the lower court that the evidence did not show that the offense was committed prior to January 1, 1919, and hence they cannot raise it now. Rule 35, Circuit Court Practice; 16 Ala. App. 496, 79 South. 620. There was sufficient evidence to sustain a conviction. 202 Ala. 65, 79 South. 459; 79 South. 802; Acts 1919, p. 11.

Upon rehearing counsel for the state insist that the court erred in rendering, but should have reversed and remanded. 83 Ala. 84, 3 South. 711; 61 Ala. 381; section 7160, Code 1907.

BRICKEN, P. J.　The indictment upon which the defendant was tried and convicted was framed under section 15 of the act approved January 25, 1919, for the suppression of intemperance, etc., said act being commonly called and known as the "Bone Dry Law." Acts 1919, p. 6.　The indictment contained only one count and is as follows:

"The grand jury of said county charge that before the finding of this indictment Burrell Howard did distill, make, or manufacture, alcoholic, spirituous, malted, or mixed liquors or beverages containing alcohol, contrary to law, against the peace and dignity of the state of Alabama."

This indictment was found at the spring term, 1919, of said court, and was returned into open court by the grand jury, and filed on April 29, 1919.

[1] Prior to the enactment of the so-called bone dry law, it was unlawful to make or manufacture any of the liquors designated in section 1 of said act, which includes almost every known alcoholic or intoxicating liquors or beverages, and to do so was declared to be

a misdemeanor, punishable by fine, or hard labor for the county in which the offense was committed, or by imprisonment in the county jail, one or both. The later act approved January 25, 1919, was in effect an amendment to the former statute, and changed the offense from that of a misdemeanor to a felony, the punishment under the last statute being confinement at hard labor in the penitentiary for not less than one year or longer than five years, to be fixed within these limits by the court or judge trying the case. It thus appears that while the offense of making or manufacturing prohibited liquors under the statute in existence prior to January 25, 1919, was a misdemeanor, it was made a felony to do so on and after that date. Therefore during the period covered by this indictment the offense charged here was both a misdemeanor and a felony, resulting in the fact that time became a material ingredient of this offense. This being true, under the statute and the universal decisions of this court and of the Supreme Court it became necessary for the indictment to aver the time when the offense complained of was committed. Code 1907, § 7139; Miller v. State, 16 Ala. App. 534, 79 South. 314; Bibb v. State, 83 Ala. 84, 3 South. 711. An indictment under section 15 of the bone dry law (Acts 1919, p. 16), for the offense of distilling, making, or manufacturing alcoholic or other prohibited liquors or beverages, should either aver the date of the commission of the offense (which date must appear to have been subsequent to the date of the passage and approval of the act), or that said offense was committed before the finding of the indictment and after (or since) the 25th day of January, 1919. Authorities supra.

The indictment here does not contain this necessary, material averment, for it does not show whether the offense was committed before the act of January 25, 1919, was passed and approved, in which event the offense would have been a misdemeanor, or afterwards, which would have made it a felony, resulting, therefore, that it does not make it appear whether the accusation brought against the defendant is a misdemeanor, or a felony. This allegation is essential to a valid indictment, and the reason therefor is clearly apparent. The accused has the constitutional right to "demand the nature and cause of the accusation against him, and to have a copy thereof." Const. 1901, art. 1, § 6. "The indictment is the written accusation in the prescribed constitutional form," and when, as here, the indictment on its face is so ambiguous, vague, and uncertain as not to show whether it charges a misdemeanor or a felony, it must be held to be void for uncertainty, and insufficient upon which to predicate a judgment of guilt, or sentence of the accused thereunder. To illustrate the fatal uncertainty of the indictment here under con-

sideration: If the defendant should enter a plea of guilty to this indictment, or if the jury, as was done in the case at bar, should find him guilty "as charged," how could the court look at the record and know what judgment to pronounce—whether to refer the verdict to the misdemeanor charged in the indictment, or to the felony also charged in the indictment—the indictment here charging as it does both offenses; how and by what authority could the court sentence the defendant under the statute of 1915 (Acts 1915, p. 1) or the later statute of 1919? For these reasons we are of the opinion that the indictment in this case is so vague, uncertain, and ambiguous it is therefore fatally defective, and as a result will not support the judgment of conviction rendered thereon. Wilson v. State, 3 Ala. App. 675, 57 South. 416; Bibb v. State, supra; Shelton v. State, 1 Stew. & P. 208; McIntyre v. State, 55 Ala. 167; Dentler v. State, 112 Ala. 70, 20 South. 592; State v. Wise, 66 N. C. 120.

[2] The court erred in its rulings, when over the objection and exception of the defendant the state's witness Dorsey was permitted to testify as to a conversation between "several negroes" and himself, which conversation was not held in the presence or hearing of the defendant.

Appellant's counsel insist that the only evidence bearing upon the time of the alleged offense is that of the witness Dorsey, who testified that it happened a few months ago. There is no merit in this insistence, as the record shows that Sheriff Laseter testified on cross-examination that "this 'raid' was made about a month ago." The trial was had on May 7, 1919, which sufficiently fixed the time of the alleged offense.

As there can be no conviction under this void indictment, the judgment of the lower court is reversed, and one here entered discharging the defendant.

Reversed and rendered.