(89 South. 825)

## McREYNOLDS v. STATE.    (2 Div. 232.)

(Court of Appeals of Alabama. April 12, 1921. Rehearing Denied June 7, 1921.)

1. **Indictment and information** ⟨key⟩87(8)—**Date act changing misdemeanor to felony took effect, held essential.**

In an indictment charging that since January 25, 1919, defendant violated the act approved January 25, 1919 (Laws 1919, p. 6), prohibiting distilling of intoxicating liquor, which act changed what was formerly a misdemeanor to a felony, the date the change in the act went into effect was a necessary averment.

2. **Indictment and information** ⟨key⟩ 87(7)—**Indictment defective where acts charged were not an offense during part of the period covered.**

An indictment charging a violation of Acts 1919, p. 1086, which became effective November 30, 1919, which charged the commission of the offense on September 30, 1919, and thereby covered a period of time during which the acts charged did not constitute offense, was demurrable.

3. **Indictment and information** ⟨key⟩117—**Construed most strongly against pleader.**

Indictment must be construed most strongly against the pleader.

Appeal from Circuit Court, Wilcox County; B. M. Miller, Judge.

Eddie McReynolds was convicted of violating the prohibition law, and he appealed. Reversed and remanded.

The second count of the indictment is as follows:

"Eddie McReynolds did on the 30th day of September, 1919, have in possession a still and apparatus, appliances, or a device or substitutes therefor to be used for the purpose of manufacturing alcoholic liquors contrary to law."

The first count charges that since the 25th day of January, 1919, Eddie McReynolds did

---

distill, make, or manufacture alcoholic liquors contrary to law. The demurrers to the indictment raised the questions discussed in the opinion.

R. B. Evins, of Greensboro, for appellant.

The act creating the offense was approved September 30, 1919, and, nothing appearing to the contrary in the act, did not take effect under 60 days; and the indictment was bad. 55 Ala. 167; 112 Ala. 75, 20 South. 592; 158 Ala. 44, 48 South. 505; 8 Ala. App. 376, 62 South. 337; (Ky.) 58 S. W. 369; 5 South. 518.

Harwell G. Davis, Atty. Gen., and J. F. Thompson, of Centerville, for the State.

The indictment was sufficient, and not subject to the demurrers. 69 Ala. 10; 73 Ala. 480.

SAMFORD, J. [1, 2] There were two counts in the indictment. The first count charged a violation of the act approved January 25, 1919 (Laws 1919, p. 6), prohibiting distilling, etc., which act changed a misdemeanor into a felony, making the date at which the act went into effect a necessary averment. Howard v. State, 86 South. 172.[1] The second count charged a violation of an act approved September 30, 1919 (Acts 1919, p. 1086). This act created a new crime, by prohibiting the possession of certain articles which theretofore had not constituted an offense. This act did not go into effect until 60 days after its approval, thereby making it become effective November 30, 1919. The indictment in this case was returned into court November 5, 1920, and by its terms charged the commission of the offense, within a period of time from September 30 to November 30, 1919, before the finding of the indictment, during a part of which period, covered by the charge, the act charged in the indictment was not a violation of law.

[3] Under the rule the pleading must be construed most strongly against the pleader. The indictment must cover such period only during which the act charged was a violation of law. Glenn v. State, 158 Ala. 44, 48 South. 505.

The demurrer to the second count of the indictment should have been sustained, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.

On Rehearing.

The application for rehearing is granted. The original opinion is withdrawn, and opinion substituted. The judgment of affirmance is set aside, and judgment reversed, and cause remanded.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

