(90 South. 55)
**ISBELL v. STATE.   (7 Div. 738.)**

(Court of Appeals of Alabama. June 21, 1921.)·

1. **Criminal law** ⟨⟩763, 764(3, 4)—**Count as to which there was no evidence properly eliminated.**

Where there was no evidence to sustain a count charging defendant with distilling, making, or manufacturing liquors, etc., the court properly charged the jury to that effect, thereby eliminating such count from the case.

2. **Indictment and information** ⟨⟩87(8)—**Indictment for statutory offense insufficient when it does not show year when committed.**

A count, charging that defendant manufactured, sold, gave away, or had in his possession a still, etc., to be used for manufacturing prohibited liquors or beverages was void for uncertainty, where it alleged merely that the offense was committed subsequent to the 30th day of September without naming the year; the offense being one unknown to the law prior to the passage of Acts 1919, p. 1086.

3. **Statutes** ⟨⟩255 — **Act not operative for 60 days after approval in absence of special provision.**

Under Code 1907, § 7805, though Acts 1919, p. 1086, relative to the manufacture, sale, or possession of any appliance for manufacturing prohibited liquors or beverages was approved September 30, 1919, it did not become operative until 60 days thereafter; there being no special provision to the contrary in the act itself.

4. **Indictment and information** ⟨⟩87(8)—**Indictment charging offense as committed subsequent to date prior to which act took effect insufficient.**

An indictment, charging that subsequent to September 30 defendant manufactured, sold, gave away, or had in his possession a still, etc., to be used for manufacturing liquors, etc., would still have been void for uncertainty, even though it had not omitted the year, 1919, as it covered a period of 60 days during which Acts 1919, p. 1086, on which it was based, was not in effect.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Stephen Isbell was convicted·of violating the prohibition laws, and he appeals. Reversed and rendered.

The facts on which the opinion is rested sufficiently appear therefrom.

Frank B. Embry and M. M. Smith, both of Pell City, for appellant.

The defendant was entitled to the second charge as to the second count. (Fla.) 83 South. 867.

Harwell G. Davis, Atty., Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The indictment contained two counts. The first count charged that the defendant subsequent to the 25th day of January, 1919, did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, contrary to law. But as there was no evidence adduced upon this trial to sustain the averments contained in this count, the court very properly charged the jury to that effect, thereby eliminating count one of the indictment.

Count 2 charged that subsequent to the 30th day of September (without naming or designating any year) the defendant did manufacture, sell, give away, or have in his possession a still, apparatus, appliance, or a device substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, etc.

[2, 3] That the conviction of this defendant cannot be sustained under this second count of the indictment is so clear and patent the question needs no discussion. In the first place, this count is void for uncertainty, as it alleges no year, and therefore so far as this court may know, and so far as the defendant could have known, the act complained of might have been committed at a time when to do the very things charged in this indictment it would have been no offense against any law of this state. The offense attempted to be charged in this count of the indictment is a new offense, and was unknown to the statutory law of this state, until the Legislature passed the act during its 1919 session (Acts 1919, p. 1086), which was approved on September 30, 1919, but did not become operative or of force and effect until 60 days after its approval; there being no special provision to the contrary in the act itself. Section 7805, Code 1907.

It must therefore be held that this count of the indictment is void for uncertainty. Howard v. State, 17 Ala. App. 464, 86 South. 172; McReynolds v. State, ante, p. 173, 89 South. 825.

[4] Moreover, if the indictment had contained the averment that the offense complained of was committed subsequent to September 30, 1919, it would have been insufficient, for the reason that it would have charged the defendant with an act which was not a crime under the law during some period of time covered by the indictment, for it would follow that if an indictment of this kind could stand, a defendant under its terms could have been convicted for a commission of the several offenses charged therein, which offenses may have been committed at a time when it was not a crime to do the acts complained of. While the question is not here presented, yet, if it were insisted that the words "contrary to law" should be construed to mean that the defendant committed the acts complained of during such part of the time mentioned in the indictment when as a matter of fact it was contrary to law to commit said acts, this contention could not be sustained for the specific reason that upon the face of the indictment itself this is refuted, charging, as it does, that the act complained of was committed subsequent to September 30th, which, of course, includes and comprehends all the month of October and so much of the month of November up to the 30th day thereof, during which period of time, so far as the statutes of this state are concerned, the defendant could have committed any or all of the acts complained of, and could not be made to answer therefor. Moreover, the words, contrary to law, might properly be construed to relate to and be referable to the words "to be used for the purpose of manufacturing alcoholic liquor." We do not so decide, however, but do decide that the indictment here is void for uncertainty, and that it charges no offense, and for this reason the affirmative charge requested by defendant was erroneously refused. And as there can be no conviction under the second count of this indictment, and as the defendant by order of the court has been acquitted of the offense charged in the first count, it would serve no good purpose to order that the defendant be retained in custody. The judgment of conviction is reversed, and an order here entered discharging the defendant.

Reversed and rendered.