(92 South. 505)

**LAMINACK et al. v. STATE. (7 Div. 774.)*

(Court of Appeals of Alabama. Jan. 31, 1922. Rehearing Denied Feb. 21, 1922.)

**1. Indictment and information ☜203—Verdict of guilty referred to good rather than bad count.**

A general verdict of guilty under an indictment containing a good count and a bad count will be referred to the good count.

**2. Indictment and information ☜87(1)—Failure to allege time fatal where period of limitations covers time when act was lawful.**

A count in an indictment for making, selling, giving away or possessing a still, returned within three years of the passing of act of January 25, 1919 (Acts 1919, p. 6),. making such an offense a felony, when prior to the passage of that act it had been no offense, was void for uncertainty, where it did not allege the time of the offense.

**3. Indictment and information ☜87(1)—Alleging time of offense not necessary, where limitation period eliminated all statutes except most recent one.**

Where the offense of unlawfully manufacturing liquors was a misdemeanor under Acts 1915, p. 1, and a felony under Acts 1919, p. 6, an indictment, not stating the date of the alleged offense returned more than 12 months after the passage of the latter act, was not defective, as an indictment under the earlier act would be barred by the statute of limitations.

Appeal from Circuit Court, Cleburne County; A. P. Agee, Judge.

George and Chester Laminack were convicted of violating the prohibition law and they appeal. Affirmed.

Tate & Logan, of Anniston, for appellants.

The indictment was void and subject to the demurrers imposed. Ante, p. 217, 90 South. 16; 88 South. 362; 17 Ala. App. 464, 86 South. 172; 16 Ala. App. 534, 79 South. 314; 159 Ala. 71, 48 South. 864, 133 Am. St. Rep. 20; 158 Ala. 44, 48 South. 505.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The indictment was as follows:

"The grand jury of said county charge that before the finding of this indictment, George Laminack and Chester Laminack distilled, made,

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 93 South. 923.

or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol.

"Second. The grand jury of said county further charge that before the finding of this indictment George Laminack and Chester Laminack manufactured, sold, gave away, or had in his possession a still, apparatus, appliance, or device or substitute therefore, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

[1] There was a general verdict of guilty. Where this is the case, if one of the counts is bad and charges no offense and the other is good, the verdict, if responsive, will be referred to the good count. Coker v. State (Ala. App.) post, p. 550, 93 South. 384, and authorities there cited.

[2] The indictment was returned into court February 25, 1921, less than three years from November 30, 1919, and hence covered a period of time during which it was not a violation of law to have in possession a still, etc., to be used for the purpose of manufacturing liquor. This necessitated an averment as to time, in the absence of which the second count is fatally defective. McReynolds v. State (Ala. App.) 89 South. 825;[1] Clark v. State, ante, p. 217, 90 South. 16; Isbell v. State, ante, p. 223, 90 South. 55.

[3] As to the first count a different rule applies. The manufacture of liquor has been a violation of the statute laws of this state since the 30th day of June, 1915, at which time the act creating the crime went into effect. Acts 1915, p. 1, §§ 3–18. By that act the manufacture of certain liquor was made a misdemeanor, punishable by fine or fine and hard labor, and carried with it a limitation of 12 months as to prosecution, which thereby became a material ingredient of the offense. Since January 25, 1919 (Acts 1919, p. 6) the manufacture of prohibited. liquors has constituted a felony, punishable by a term in the penitentiary, and this court has held that the act of January 25, 1919, was not the creation of a new crime, but was in effect an amendment of the act of 1915 by which the grade of the crime was raised from that of misdemeanor to felony. Howard v. State, 17 Ala. App. 464, 86 South. 172. In cases where the indictments charging a manufacture of prohibited liquors were returned less than 12 months subsequent to the 25th day of January, 1919, we have held that, time being a necessary ingredient to determine whether the crime charged was a misdemeanor or a felony, an indictment which failed to allege that the offense was committed since the date on which the act became a felony, or that it was committed prior to that date, was too vague and uncertain to sustain a conviction. Howard v. State, supra; Isbell v. State (Ala. App.) 90 South. 55;[2] Clark v. State (Ala. App.) 90 South. 16;[3] Bibb v. State, 83 Ala. 84, 3 South. 711. This for the obvious reason that, on a plea of guilty, the court would not know whether the punishment should be a fine and hard labor or a sentence to the penitentiary. To all of these rulings we adhere.

But, when the indictment, as in this case, is returned more than 12 months after January 25, 1919, the court as well as the defendant must know that the prosecution must proceed, if at all, under the felony statute. The act charged had constituted a crime during the time covered by the indictment, and the lapse of 12 months since January 25, 1919, had removed all uncertainty as to punishment to be meted out on conviction. Adams v. State, 60 Ala. 52.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes