WEBB v. STATE. (8 Div. 839.)

(Court of Appeals of Alabama. May 9, 1922.)

1. Criminal law ⊘⇒878(3)—Specific conviction under second count acquittal of charge in first count.

A verdict specifically convicting the defendant under the second count has the effect of acquitting him of a charge embraced in the first count.

2. Indictment and information ⊘⇒87(8)—Failure to allege time fatal, where period of limitations covered time when act was lawful.

An indictment for possessing a still, returned less than three years from November 30, 1919, thus covering a period of time during which it was not a violation of law to possess a still, was fatally defective, where it did not allege the time of the offense.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

A. B. Webb was convicted of violating the Prohibition Law, and he appealed. Reversed and remanded.

Omitting formal charging part, the second count of the indictment is as follows:

After September 30, 1919, A. B. Webb, whose Christian name is to the grand jury otherwise unknown, did have in his possession a still, apparatus, appliance, or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law.

The demurrers raised the proposition discussed in the opinion.

Betts & Richardson, of Huntsville, for appellant.

A verdict specifying the count on which it is based is an acquittal as to the other

count. 15 Ala. App. 180, 72 South. 757; 91 Ala. 32, 10 South. 30. A penal act does not become effective until after 60 days from its approval, unless otherwise specified therein, and the second count was demurrable for a failure to allege that the offense was committed 90 days after the passage of the act. 17 Ala. App. 464, 86 South. 172; 17 Ala. App. 504, 86 South. 175; 159 Ala. 71, 48 South. 864, 133 Am. St. Rep. 20; 55 Ala. 167; section 7805, Code 1907.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The first count in the indictment charged the defendant with manufacturing liquor after January 25, 1919. A verdict was rendered by the jury, specifically convicting the defendant under the second count. This had the effect of acquitting defendant of the charge embraced in the first count. Brown v. State, 15 Ala. App. 180, 72 South. 757; Walker v. State, 91 Ala. 32, 10 South. 30.

[2] The indictment, having been returned less than three years from November 30, 1919, covered a period of time during which it was not a violation of law to possess a still, etc. This necessitated an averment as to time, in the absence of which the second count was fatally defective. Laminack et al. v. State (Ala. App. 7 Div. 774) 92 South. 505;[1] McReynolds v. State (Ala. App.) 89 South. 825;[2] Clark v. State, ante, p. 217, 90 South. 16; Isbell v. State, ante, p. 223, 90 South. 55.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.