(93 South. 384)

COKER v. STATE. (6 Div. 963.)

(Court of Appeals of Alabama. May 16, 1922. Rehearing Denied May 30, 1922.)

Criminal law ⟨key⟩753(2)—"Affirmative charge" defined.

The general affirmative charge is an instruction to the jury that, whatever the evidence may be, the defendant cannot be convicted under the count in the indictment to which the charge is directed.

Merritt, J., dissenting.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Horace Coker was convicted of violating the prohibition law, and he appeals. Reversed and remanded on the original submission, but later affirmed in response to the mandate of the Supreme Court in Ex parte State, In re Horace Coker v. State, 207 Ala. 656, 93 South. 383.

Omitting formal charging part, the indictment is as follows:

Count 1: Horace Coker did, after January 25, 1919, distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, contrary to law.

Count 2: Horace Coker did, after September 30, 1919, manufacture, sell, give away, or have in his possession a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, etc.

William E. James, of Cullman, for appellant.

The defendant was entitled to the affirmative charge for failure to show venue, and because the second count did not charge an offense. 120 Ala. 386, 24 South. 931; 1 Mayf. 857; sections 7140 and 7805, Code 1907.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the errors assigned, but without citation of authorities.

MERRITT, J. The defendant was convicted under an indictment which contained two counts. The first count charged that he did distill, make, or manufacture alcoholic, spirituous, malted or mixed liquors since January 25, 1919, and the second count charged that he did, after September 30, 1919, manufacture, sell, give away, or have in possession a still, apparatus, appliance, or device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages. He was sentenced to the penitentiary for a term of not less than two nor more than three years. There were no demurrers interposed to either count of the indictment.

The second count of the indictment should have alleged that the defendant did, after November 30, 1919, possess a still, etc., as the law was approved on September 30, 1919, but did not go into effect until 60 days thereafter. This count charged the defendant with an act which was not a crime under the law during some period of the time covered by the indictment, and was therefore defective. Howard v. State, 17 Ala. App. 464, 86 South. 172; McReynolds v. State (Ala. App.) 89 South. 825; 1 Stephen Isbell v. State (Ala. App.) 90 South. 55.2 The jury returned a general verdict, finding the defendant guilty as charged in the indictment, and, the first being a good count, the verdict would be referred to that count, in the absence of demurrer or other pleading which questions the sufficiency of the defective count. Fairo v. State, 49 Ala. 25; May v. State, 85 Ala. 14, 5 South. 14; Hornsby v. State, 94 Ala. 55, 10 South. 522; 1 Mayfield's Digest, p. 451; Glenn v. State, 158 Ala. 44, 48 South. 505. Count 2 of the indictment was subject to demurrer, but none was interposed, and we know of no rule of pleading whereby a general affirmative charge, which is predicated on the evidence in the case, can perform the office of a demurrer; that is, question the sufficiency of the indictment.

This case is distinguishable from the Cagle Case, 151 Ala. 84, 44 South. 381, and Isbell's Case (Ala. App.) 90 South. 55,2 in that there was no good count in either of these cases, and nothing but a count which would not support a conviction, while in the case at bar there was a good count. Moreover, in the case at bar, the evidence shows without conflict that the time the defendant is alleged to have had the possession of a still was at a time when it was a violation of the law, and was not at a time when it was not a violation; hence on these facts the affirmative charge, which, as stated before, was predicated on the evidence, was properly refused. This would seem to distinguish it from Shelton's Case, 143 Ala. 98, 39 South. 377.

There was a good count and a defective count in the indictment, no demurrers were interposed, the defendant pleaded not guilty, a general verdict was returned, and the defendant rests his claim here to question the sufficiency of the defective count on the affirmative charge requested by him and refused by the court as to such count. As stated before, in the opinion of the writer, the defect complained of is not available on the request for the affirmative instruction, and, if available to raise the sufficiency of the count in question, it is unavailing in this case, for the reason that there was a general verdict on an indictment with a good and bad count, and, such being the case, the finding of the jury will be upheld by the good count, and for the further reason that the defendant could not have been injuriously affected by the verdict, for that the testimony shows without conflict that the possession of the still was at a time when it was a violation of the law. Hornsby v. State, 94 Ala. 55, 10 South. 522; Burdine v. State, 25 Ala. 60; Barber v. State, 78 Ala. 19; Cunningham v. State, 15 Ala. App. 644, 74 South. 747; State v. Coleman (Ala.) 5 Port. 32; Taylor v. State, 100 Ala. 68, 14 South. 875; Rule 45, Supreme Court, 175 Ala. xxi, 61 South. ix; Harrison v. State, 13 Ala. App. 354, 69 South. 383.

Contention is made that the trial court committed reversible error in refusing to give the general affirmative charge requested by the defendant on account of a failure to prove venue. The trial court will not be put in error on this account; it not appearing that this fact was called to the attention of the trial court. Rule 35, Supreme Court Rules, 175 Ala. xxi.

A majority of the court do not concur in this opinion, as is shown by the following opinion of:

SAMFORD, J. The indictment was in two counts. The first charged that the defendant manufactured prohibited liquor, and was a good count. The second count charged the possession of a still by defendant after September 30, 1919. By all of the decisions of this court and the Supreme Court in similar cases, this count has been held to be fatally defective. McReynolds v. State (Ala. App.) 89 South. 825; 1 Clark v. State (Ala. App.) 90 South. 16; 3 Isbell v. State (Ala. App.) 90

1 Ante, p. 173. 2 Ante, p. 223. 3 Ante, p. 217.

South. 55; [2] Howard v. State, 17 Ala. App. 464, 86 South. 172; Glenn v. State, 158 Ala. 44, 48, South. 505; Marke v. State, 159 Ala. 71–89, 48 South. 864, 133 Am. St. Rep. 20; Kelly v. State, 171 Ala. 44, 55 South. 141; 1 Bish. Cr. Pro. (3d Ed.) § 404. These holdings are based upon the bill of rights, Constitution 1901, § 6, which declares the accused has a right to demand the nature and cause of the accusation against him and to have a copy thereof, and as was said by Somerville, J., in Bibb v. State, 83 Ala. 84, 88, 3 South. 711, 712:

"The indictment is the written accusation in the prescribed constitutional form. Where the indictment is, on its face, so ambiguous as not to show whether it charges a misdemeanor or a felony, it is liable to the objection of uncertainty, and does not conform to this requirement."

So then we hold, in line with the foregoing authorities, that the second count of the indictment is fatally defective. If the count had been demurred to it would admittedly have been error to have overruled the demurrer, and the fact that there remained a good count would not have cured the error.

In this case the defendant did not demur to the second count, but at the close of the evidence requested the court in writing to give the general affirmative charge, which the court refused, and so marked on the charge.

The question therefore is, Does a request for the affirmative charge sufficiently challenge a void count in an indictment so that its submission to the jury notwithstanding will constitute reversible error? In Benjamin's Case, 121 Ala. 26, 25 South. 917, Dowdell, J., speaking for the court said:

"There can be no doubt of the proposition, that an objection fatal on demurrer to an indictment will prevail on motion in arrest of judgment. 1 Brick. Dig. 517, § 962."

To the same effect is Francois v. State, 20 Ala. 83.

If, then, in such a case a motion in arrest of judgment would prevail, it would seem that the defendant would be entitled to have the jury instructed that, no matter what the evidence disclosed, a conviction could not be had. That is what the general affirmative charge means, and is an instruction to the jury that, whatever evidence may be, the defendant cannot be convicted under the count in the indictment to which the charge is directed. To state an extreme case, by way of illustration: Suppose an indictment contained two counts—one correctly alleging crime and the second no semblance of crime. As to the one with no semblance of crime he could ignore in the pleading, and still be entitled to an instruction that he could not be convicted under it; otherwise it would be submitted to the jury along with the evidence, and might be the count upon which the jury founded guilt and if, as in the Handy Case, a general verdict was returned, the verdict would be referred to the good count, and a conviction for crime result, when none had been proven. This was doubtless in the minds of the court when considering Shelton v. State, 143 Ala. 98, 39 South. 377, in which the present Chief Justice concurred, and in Cagle's Case, 151 Ala. 84, 44 South. 381.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

June 30, 1922. Affirmed on authority of Ex parte State, In re Coker v. State, 207 Ala. 656, 93 South. 383.