The Court of Appeals holds, Merritt, J., dissenting, that the trial court committed reversible error in refusing the general charge requested by the defendant as to count 2 of the indictment, not because of failure of proof or because the thing charged was before the statute under which the indictment was framed became effective, but upon the sole ground that said count was a nullity, in that it charged no offense. If this count of the indictment charged no offense, then it would seem that the defendant was entitled to the general charge as to that count. Cagle v. State, 151 Ala. 84, 44 So. 381; Shelton v. State, 143 Ala. 99, 39 So. 377. We cannot agree, however, that count 2 of the indictment charges no offense that would support a conviction. It is true that it is a new offense, and covers a period both when the thing charged was and was not a violation of the law, and was defective upon appropriate demurrer for a failure to aver the time of the commission of the alleged offense. Glenn v. State, 158 Ala. 44, 48 So. 505; Bibb v. State, 83 Ala. 84, 3 So. 711; McIntyre v. State, 55 Ala. 167.
It is also true that on demurrer indictments should be construed most strongly against the pleader, and without inferences in favor of same; but the rule is different in the absence of a demurrer, and when they are challenged by a charge upon the theory that they will not support a conviction. If count 2 charged the time of having a still at a time when the same was not prohibited by law, it would not state an offense; but, as it is, it charges an offense punishable by law during a part of the time covered thereby, and is merely defective and uncertain and subject to an appropriate demurrer. It is not wanting in any of the essentials of what constituted a violation of law at the time it was returned and for several months prior thereto, and is unlike the ones pronounced void in the Cagle and Shelton Cases, supra. In the Glenn, Bibb, and Mclntyre Cases, supra, such a count was merely held to be defective *Page 657 
and subject to demurrer; but neither of these cases holds that the indictment was void because of this defect, and would not support a conviction. In each of these cases the point against the indictment was raised by demurrer, and this court held that said demurrer should have been sustained. True, in the report of the Bibb Case, it is stated by the reporter that "the defendant demurred to the indictment; * * * but the record does not show what grounds of demurrer were specifically assigned;" but it is evident that the court considered the demurrer, as the opinion nowhere pronounces the indictment void and insufficient to support a conviction. On the other hand, the court declined to reverse the case because of the refusal of the general charge requested by the defendant.
The Court of Appeals erred in holding that the defendant was entitled to the general charge as to count two of the indictment because it was void and would not support a conviction. The writ of certiorari is awarded; the judgment is reversed, and the cause is remanded to the Court of Appeals for further consideration of the case in conformity with this opinion.
Writ awarded; reversed and remanded.
All the Justices concur.