(128 So. 123)

### CALVERT v. STATE.
### 8 Div. 808.

Court of Appeals of Alabama.
April 22, 1930.

Jas. C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

### BRICKEN, P. J.

The Legislature of Alabama in regular session passed an act (No. 605), with the following caption: "To prohibit the transportation of any of the liquors or beverages, the sale or possession * * * of which is now prohibited by law in Alabama, in quantities of five gallons or more, and to fix a penalty therefor." Gen. Acts 1927, p. 704. This act was approved September 6, 1927. The act in question being penal, it did not take effect, or become operative, until sixty days after the approval thereof, there being no special provision therein to the contrary. Section 5531, Code 1923. It therefore went into effect on November 6, 1927. The offense created by said act was a felony, the penalty provided, upon conviction thereunder, being imprisonment in the penitentiary. The act created a new offense.

The indictment upon which this appellant was tried and convicted was drawn under this statute and contained two counts.

Each count of this indictment is defective in failing to aver that the offense complained of was committed subsequent to the date when the act took effect, or became operative, which as hereinabove stated was on November 6, 1927. The period of time covered by the indictment was three years prior to the date of its filing in court. This indictment was returned into court by the grand jury and filed on September 11, 1928, and therefore it covers a period when the thing charged was not a violation of the law. The demurrers to each count went directly to this point and the court erred to a reversal in overruling them. Howard v. State, 17 Ala. App. 464, 86 So. 172.

Numerous other points of decision are presented on this appeal, but, as no conviction can be had upon the present indictment, there is no necessity of any discussion of these questions.

Reversed and remanded.