The defendant was convicted for robbery and sentenced to twenty-five years' imprisonment. On appeal two questions are presented: (1) Must an indictment for robbery described the denomination of the money taken in the robbery and (2) if objectionable may this defect be reached by a motion to exclude the State's evidence, a motion for a directed verdict, or a motion for a new trial.
The indictment charged that the defendant
 "did feloniously take, to-wit: $25.00 in the lawful currency of the United States of America, from the person of Mrs. T.A. *Page 338 
Hallman, against her will, by violence to her person, or by putting her in such fear as being unwilling to part with the same."
The defendant's objection is based on the facts that this indictment does not specify the number and denomination of the currency which totaled $25.00 and does not recite that a more particular description or denomination was unknown to the grand jury.
 I
An indictment for robbery must aver the denomination of the money taken or that the particular denomination is unknown to the grand jury. Barddell v. State, 144 Ala. 54, 39 So. 975
(1906); Owens v. State, 104 Ala. 18, 16 So. 575 (1893); Burneyv. State, 87 Ala. 80, 6 So. 391 (1888); Croker v. State,47 Ala. 53 (1872); Alabama Code Section 15-8-26, 1975.
Thus, while the present indictment is defective and insufficient because it does not aver the denomination of the money taken, this particular defect does not vitiate the indictment, Reed v. State, 88 Ala. 36, 6 So. 840 (1889), because the denomination or the kind of money taken is not a material ingredient of the offense of robbery. Wesley v. State,61 Ala. 282 (1878). An indictment which does not specify the number and denomination of the money involved is merely voidable and not void; it is not so deficient as to deny the accused due process of law. Williams v. State, 49 Ala. App. 74,76, 268 So.2d 855 (1972).
 II
The defendant objected to this defect in the indictment by a motion to exclude the State's evidence made at trial, by a motion for a directed verdict and by a motion for a new trial. There was no motion filed before trial attacking the sufficiency of the indictment.
Generally, a demurrer is the proper procedure to raise defects in an indictment. Andrews v. State, 344 So.2d 533
(Ala.Cr.App.), cert. denied, 344 So.2d 538 (Ala. 1977). Since a plea to the merits admits the validity of an indictment, a demurrer filed after arraignment and after a plea of not guilty is properly stricken. Underwood v. State, 248 Ala. 308,27 So.2d 492 (1946). The right to file a demurrer is waived unless the demurrer is filed before a plea to the merits. Holloway v.State, 37 Ala. App. 96, 64 So.2d 115, cert. denied, 258 Ala. 558, 64 So.2d 121 (1953). If an indictment is merely voidable and subject to demurrer, the failure to demur will prevent appellate review of the indictment's shortcomings. Williams v.State, 333 So.2d 610 (Ala.Cr.App.), affirmed, 333 So.2d 613
(Ala. 1976).
The exception to this rule of waiver occurs when the defect involves an element of the offense, as where the indictment does not on its face charge an offense, or where the accused is left unaware of the nature and cause of the charge against him. Under those circumstances the indictment is void and this Court is bound to take notice of such a defect even in the absence of an objection. Davidson v. State, 351 So.2d 683 (Ala.Cr.App. 1977); Andrews, supra; Fitzgerald v. State, 53 Ala. App. 663,303 So.2d 162 (1974). Were the indictment in this case void and not merely voidable, the defect would have been reached by the defendant's request for an affirmative charge, Coker v. State,18 Ala. App. 550, 93 So. 384 (1922), or could have been preserved by a motion in arrest of judgment. Francois v. State,20 Ala. 83 (1852).
Since the indictment in this case was merely voidable upon proper and timely demurrer, the failure to demurrer waives the defect.
At trial Mrs. Hallman, the robbery victim, testified that in the cash register were "two tens and a five and there were some ones, but I don't recall how many ones there was and a good bit of change". The only sum of money involved in this robbery was that taken from this cash register. Under these circumstances, the fact that denominations of the money taken were not *Page 339 
stated in the indictment in no way prejudiced the defendant. The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.