# Washington *v.* The State.

*Indictment for Arson.*

68    85
120   357

68    85.
139   92

1. *Indictment; must be certain as to the person charged.*—The statute (Code, § 4786) which requires an indictment to be certain as to the person charged, is a mere affirmation of the common law which did not permit uncertainty in this respect.

2. *Misnomer; plea of, may be founded on wrong use of either Christian or surname.*—There is no reason for any distinction between a misnomer of a Christian, and of a surname, either may be matter for a plea of misnomer.

3. *Same; what are sufficient averments in replication to plea of.*—The defendant, being indicted by the name of *George Washington*, and pleading in abatement that the two names are his full Christian name only, and that his true name is *George Washington Holmes;* a replication averring that he is as well known by one name as the other, is a full answer to the plea.

4. *Arson in second degree; statute defining contains typographical error.* In the statute which makes the burning of a "cotton house, or cotton pen containing cotton," arson in the second degree (Code, § 4347), the word *or* is a typographical error; it is not in the original statute on file

[Washington v. The State.]

in the office of the Secretary of State, and the statute must be read and construed as if that word had not been inserted.

5. *Same; burning cotton house is.*—Burnig a "cotton house" is, under the statute thus construed, arson in the second degree, whether it contains cotton or not, and there is no misjoinder of an indictment which charges the defendant in one count with burning a "cotton house containing cotton," and in another count charge the burning of a cotton house.

APPEAL from Perry Circuit Court.

Tried before Hon. GEORGE H. CRAIG.

The first count of the indictment in this case, which was found at the Spring Term, 1880, of the Circuit Court of Perry, charged that "George Washington wilfully set fire to, or burned, a cotton house, which, with the cotton therein contained, was of the value of five hundred dollars, the property of Porter King." The second count charged that "George Washington wilfully set fire to or burned a cotton house, the property of Porter King." The defendant pleaded "that his name is, and always hath been from his nativity, George Washington Holmes, and that George Washington is his Christian name, and that Holmes is his surname, and by the name of George Washington Holmes he hath always been hitherto called and known, without this that he, the said George Washington Holmes now is, or at any time hitherto hath been called or known by the name George Washington." The State filed a replication to this plea, avering that "the said George Washington, long before and at the time of the finding of said indictment, was, and still is, as well known by the name of George Washington as by the name of George Washington Holmes." The defendant demurred to this replication, because it did not "state that Holmes is not the surname of said defendant, and does not state that Washington is the surname of defendant, and does not aver that George Washington is not the Christian name of the defendant. The court overruled the demurrer. On the trial of the plea the court charged the jury, "if the jury believe from the evidence, that the defendant was as well known by the name of George Washington as by the name of George Washington Holmes, at the time when the offense was committed, and when the indictment was found, they will find the issue in favor of the State." The defendant excepted to this charge.

The errors assigned are, overruling the demurrer to the replication, giving the charge set out above, "because the prisoner was placed in jeopardy on both counts in the indictment."

Vo. LVXLIII.

[Washington v. The State.]

MODAWELL & WALTHALL, for appellant. (No brief has come into the hands of the Reporter.)

H. C. TOMPKINS, Attorney-General, for the State.—There is no misjoinder of offenses in the indictment. The first count clearly charges arson in the second degree. The second count also makes it arson in the second degree to burn a cotton house, whether it contains cotton or not,. for the word *or*, in the statute declaring it to be that offense to burn a cotton house or cotton pen containing cotton, is not in the original statute, and to insert it as referring to a cotton house leads to the manifest absurdity of making it also refer to cars, train of cars, or car shed." The replication is the form set forth by all writers on criminal pleading.—1 Bish. Cr. Pro. § 792 ; 2 Hale's P. C. 238; *Lewis v. State*, 1 Head, 329. The indictment shows that the offense was committed by a person whose Christian name was "George" and whose surname was "Washington." Taken in connection with this the replication shows that the defendant was as well known by the surname of "Washington" as that of "Holmes," and was a full answer to the plea.

BRICKELL, C. J.—The court is asked to reverse the judgment and sentence of conviction, upon two grounds; the first of which, as we understand it, is that the plea of misnomer, disclosing the real christian and surname of the accused, and that *George Washington* is his *christian*, and no part of his *surname*, the replication that he was as well known by the name of *George Washington*, as by the name of *George Washington Holmes*, his real *christian* and *surname*, as averred in the plea, is not an answer to the plea; because there is no answer to the legal implication from the plea, that the indictment discloses only the *christian*, and omits the *surname* of the accused.

The existing statute is, so far as this question is concerned, a mere affirmation of the common law. The indictment "must be certain as to the person charged."—Code of 1876, § 4786. Uncertainty in this respect was never tolerated; and the statute does not enlarge, while it may be that it diminishes the degree of certainty the common law required. *Morningstar v. State*, 52 Ala. 405.

The object and purpose of describing the accused by his name is to identify him. By reputation he may acquire a name which would as certainly identify him as his right or real name. Hence, it has long been settled that in such case, the use of either name in an indictment is sufficient.

[Washington v. The State.]

The right name is sufficient because he cannot by plea deny that it is his name. The name assumed by him, or acquired by reputation, is sufficient because it identifies him.—1 Bish. Cr. Pr. § 686 ; 1 Chit. Cr. Law, 449. A plea of misnomer avers the true name, and that by it accused has always been called or known, with a protestation that he has not been called or known by the name employed in the indictment. It follows necessarily that a replication, that at the time of preferring the indictment, he was as well known by the one name as the other, puts in issue the material averments of the plea. A misnomer of either *christian* or *surname* is the matter of such plea ; and that the accused was as well known by the *surname* employed as by that he avers to be his true name is an answer to it. There is no reason for any distinction between a misnomer of a *christian* and of a *surname*. As now framed, the indictment avers the *christian* and the *surname*. If, originally, the accused had another *surname*, and *Washington* was his middle name only, he may have lost it by having long answered to, or assumed the middle name as a *surname*.

The other ground upon which a reversal is claimed, is, that there is a misjoinder of counts in the indictment—the first count charging a felony—the second a misdemeanor. The objection proceeds upon a misapprehension of the statute under which the indictment is framed, (Code of 1876, § 4347,) which declares the burning of a cotton-house, whether it contains cotton or other thing or not, and the burning of a cotton-pen containing cotton, arson in the second degree. As published, the statute reads *cotton-house, or cotton-pen containing cotton.* The word *or* is not found in the original statute, is a typographical error, as may be seen by an examination of the original statute on file in the office of the Secretary of State. The statute must, therefore, be read and construed as if that word had not been inserted. So reading it, the burning of a cotton-house, though it may not contain cotton, is arson in the second degree. While the burning of a cotton-pen is that offense only when it contains cotton.

Affirmed.