(90 South. 135)

**JONES v. STATE.    (8 Div. 824.)**

(Court of Appeals of Alabama.    April 12, 1921.)

**1. Criminal law ☞552(3)—Circumstantial evidence must exclude every other reasonable hypothesis than that of accused's guilt.**

Circumstantial evidence is not sufficient to sustain conviction, unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused.

**2. Intoxicating liquors ☞238(1)—Circumstantial evidence held insufficient for submission of case to jury in prosecution for ownership of still.**

In prosecution for owning a still, evidence that a still was found by the officers within 100 or 200 yards of house occupied by defendant as a dwelling, and that a path with tracks in it led from the locality of the still towards such house, *held* insufficient for submission of case to jury.

**3. Intoxicating liquors ☞13, 132—Prohibition amendment and National Prohibition Act did not deprive state courts of jurisdiction in prosecution for owning a still.**

The adoption of the prohibition amendment to the federal Constitution and the passage of the National Prohibition Act did not deprive the state courts of jurisdiction in prosecution of a defendant for owning a still; the state having concurrent power under the constitutional amendment.

Appeal from Circuit Court, Franklin County; C. P. Almon. Judge.

Andrew Jones was convicted of owning a still, and he appeals. Reversed and remanded.

W. L. Chenault, of Russellville, for appellant.

Counsel bases his argument that the affirmative charge should have been given, first, upon the proposition that the evidence was insufficient; and, second, upon the proposition that the federal court alone had jurisdiction, to which last proposition he cites the following cases: 204 Ala. 429, 85 South. 729; 16 Ala. App. 199, 76 South. 505; 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; 118 U. S. 455, 6 Sup. Ct. 1114, 30 L. Ed. 237; 4 Wheat. 416, 4 L. Ed. 579.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Counsel discuss the assignments of error, but without citation of authority.

BRICKEN, P. J. The court charged the jury as follows:

"Now, gentlemen, this is a case of what is known as circumstantial evidence; no party having testified that he saw the defendant making or manufacturing, or engaging in making or manufacturing, spirituous, vinous, or malt liquors. Now cases of circumstantial evidence do not require a higher degree of proof than cases of positive testimony. The test is, not that the circumstances be as strong as the testimony of one or more eyewitness, but the test is, Do the circumstances produce a conviction of guilt in the minds of the jury to a moral certainty?"

[1] There is no error in the above excerpt from the court's oral charge. However, it is the law that while circumstantial evidence is just as potent as positive evidence, every circumstance tending to connect the defendant with the crime must be connected with defendant. Newell v. State, 16 Ala. App. 77, 75 South. 625. The humane provision of the law is that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires. Pickens v. State, 115 Ala. 42, 22 South. 551.

[2] In the instant case the measure of proof falls far short of the rule above announced, and we are of the opinion after a careful examination of all the evidence the state failed to meet the burden of proof necessary to a conviction, and that the probabilities of innocence which attended this defendant throughout the trial of this case were entirely too numerous to permit the conviction to stand, for to hold otherwise it would be necessary to resort to surmise, suspicion, or conjecture. The mere fact that a still was found by the officers within 100 or 200 yards of the house rented by this defendant and occupied by him as a dwelling, and that a path with tracks in it led from the locality of the still through the cowpen and up towards defendant's house, without more, is, in the opinion of the court, insufficient to authorize the jury to reach the conclusion beyond a reasonable doubt and to a moral certainty that the defendant was guilty of making or manufacturing the specified prohibited liquors. There was no testimony offered by the state to show that the defendant had ever traversed the path in question, or that the tracks therein were his tracks, or that they even bore the slightest similarity or resemblance to tracks made by him. To the contrary the evidence discloses that two other men, in no way connected with defendant, were seen traveling the path in question and in close proximity to the still, and that those men were then and there arrested by the officers, and were afterwards convicted for the offense of operating the still. The evidence further discloses that other persons resided in the same community, and the fact that this defendant happened to live nearer to the still than any one else is in no manner conclusive that he was therefore interested in the still or had ever participated in its operation. There was no testimony of any character offered by the state to show any connection by the defendant with the still in question. In fact the state's witnesses all testify that they never saw defendant at any time near the still, and that, if he had ever made or manufactured any spirituous, vinous, or malt liquors, or had had anything to do with the still, they did not know it. Coupled with this was the testimony of the defendant himself and that of his witnesses, each of whom wholly exonerate the defendant from any connection with the still; the defendant testifying that he did not know it was there at all, and had never been to it.

The court erred in refusing to give the affirmative charge requested by defendant.

It is not shown, what, if any, evidence was offered on the motion for a new trial. However, in view of the conclusion above announced, this question need not be discussed.

[3] Pretermitting the manner in which the question is presented, there is no merit whatever in the contention of the defendant that the circuit court of Franklin county was without jurisdiction to try this case, and that the federal courts alone, since the adoption of the prohibition amendment to the federal Constitution and the passage of the National Prohibition Act, commonly known and called the Volstead Act (41 Stat. 305), had sole jurisdiction. Without elaboration of the question it is sufficient to say that, since the adoption of the amendment and the act in question, both the federal and state courts have jurisdiction in cases of this character; the power in said courts being "a concurrent power," as is expressly provided. Robert Ewing v. State, post, p. 166, 90 South. 136.

For the error pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.