(89 South. 98)

**MITCHELL v. STATE. (2 Div. 226.)**

(Court of Appeals of Alabama. April 19, 1921.)

**1. Intoxicating liquors ⬅︎236(19) — Evidence held insufficient to sustain conviction for distilling.**

Evidence that a still was found 150 or 200 yards from defendant's house on land not in his possession or control, and that a path led therefrom toward defendant's house, though a circumstance tending to show he was distilling prohibited liquor, was insufficient in and of itself to sustain a conviction for that offense.

**2. Criminal law ⬅︎1088(18) — Court's oral charge should be in record, not in bill of exceptions.**

Under Acts 1915, p. 815, the court's oral charge should be contained in the record proper along with the written charges given and refused, not in the bill of exceptions, though any part of the oral charge excepted to must be set out in the bill of exceptions.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Jim Mitchell was convicted of distilling prohibited liquor, and he appeals. Reversed and remanded.

Arthur M. Pitts, of Selma, for appellant.

The defendant was entitled to a directed verdict. 65 South. 683; 90 Ala. 630, 8 South. 383, 24 Am. St. Rep. 850; 16 Ala. App. 152, 75 South. 828.

Harwell G. Davis, Atty. Gen., for the State.

No brief came to the Reporter.

SAMFORD, J.   [1] We have examined carefully the evidence in this case, and, while we do not say there is not a "scintilla" of evidence connecting the defendant with the crime charged, we are clearly of the opinion that the evidence is not sufficient to discharge the burden necessary to overcome the presumption of innocence. The mere fact that a small distilling outfit is set up in a wood 150 or 200 yards from defendant's house, on land not in possession or under the control of defendant, and that one of the paths leading from the place went in the direction of defendant's house, is a circumstance, and to be considered when other circumstances connect the defendant with the still, but standing alone is not sufficient to convict.

[2] The proper place in the transcript for the court's oral charge is not in the bill of exceptions, but in the record proper, along with the written charges given and refused. Any part of the oral charge excepted to must be set out in the bill of exceptions. A liberal view of the statute of 1915 (Acts 1915, p. 815) on this subject will be found in M. L. & R. Co. v. Thomas, 201 Ala. 493, 78 South. 399.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

<hr>

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes