(90 South. 16)

### CLARK v. STATE.  (4 Div. 673.)

(Court of Appeals of Alabama.  June 21, 1921.)

1. **Indictment and information** &#8667;87(8)—**Indictment, charging offense prior to statute making it offense, is defective.**

An indictment, charging the possession of a still since September 30, 1919, is defective, because Acts of 1919, p. 1086, approved September 30, 1919, which first made such possession an offense, and which contained no special provision as to its date of operation, took effect under Code 1907, § 7805, 60 days after approval, so that the indictment charged the commission of an offense during the period of 60 days during which the acts charged did not constitute an offense.

2. **Indictment and information** &#8667;87(8)—**Time is essential averment, where acts have been recently made an offense.**

In an indictment charging commission of acts which have been made an offense within three years covered by the indictment, the time of the alleged offense was a necessary ingredient and the indictment must allege it was committed during the time covered by the indictment in which the law was in effect.

3. **Intoxicating liquors** &#8667;236(19)—**Evidence held insufficient to sustain conviction of possession of still.**

In a prosecution for unlawful possession of a still, evidence which showed merely that the still was located within 200 yards of defendant's house, and that a path led from the house to the still, is insufficient to sustain a conviction.

4. **Intoxicating liquors** &#8667;236(1)—**Rules of evidence are the same as for other offenses.**

The rules of evidence in a prosecution for violation of the prohibition laws are the same as apply in every other criminal case.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Herbert Clark was convicted of violating the prohibition laws, and he appealed. Reversed and rendered.

The indictment consisted of five counts, all charging the manufacture of prohibited liquors or having in possession a still, apparatus or appliances for manufacturing prohibited liquors. Count five charges that since the 30th day of September, 1919, Herbert Clark did have in his possession a still, apparatus or appliance to be used for the purpose of manufacturing alcoholic, spirituous, malted liquors or beverages contrary to law. The indictment was filed in court on October 20, 1920. The other facts sufficiently appear.

G. Ernest Jones, of Clayton, for appellant.

The indictment includes the period of time during which the law was not enforced. 158 Ala. 44, 48 South. 505. The evidence fails to establish any sort of case, and the defendant should be discharged.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] Count 5, of the indictment under which this defendant was convicted, was defective for the reason that it covered a period of time when it was no offense against the law to commit the acts complained of therein. This count was based upon the statute passed by the Legislature during its 1919 session, Acts 1919, p. 1086, and was approved September 30, 1919. It contained no special provision as to its date of operation, and, it being a penal act, it therefore became operative and took effect 60 days after its approval, under the provisions of section 7805, Code 1907. It therefore appears that the act took effect on November 30, 1919, and not September 30, 1919, as alleged. During the period of 60 days immediately after its approval which period covered all the month of October, 1919, and also the month of November of that year up to the 30th day thereof, the defendant could have committed every act charged or contained in count 5, without violating any law of this state.

[2] The statute being a new one, creating the offense within the period of time (three years) covered by the indictment, time there-

---

fore was a necessary ingredient, and it was necessary to allege that the offense was committed during the time covered by the indictment and in which the law was in operation or effective. McIntyre v. State, 55 Ala. 167; Bibb v. State, 83 Ala. 84, 3 South. 711; Dentler v. State, 112 Ala. 70, 20 South. 592. For it certainly cannot be questioned that when a statute makes an act punishable from and after a given day, the time of the alleged commission of the act is an essential ingredient of the offense to the extent that it must be alleged in the indictment to have been committed after that day. This identical question has been so decided during the present term of this court. Stephen Isbell v. State, post, p. 223, 90 South. 55; McReynolds v. State, ante, p. 173, 89 South. 825.

[3] While this question is conclusive of this appeal, and for that reason it would appear that nothing further need be said, yet a careful examination of the testimony as shown by the record fails to disclose any evidence whatever to sustain the verdict of the jury or the judgment of guilt rendered in this case, nor is there any evidence from which the guilt of the defendant could be inferred. Upon the trial of this case there was evidence showing that a still was found in a pasture, some considerable distance from this defendant's house, and that a path led from defendant's house down to a spring and on from there over a fence into the pasture where the still was located. Some of the testimony showed that this path continued on by the still through and out of the pasture in the direction of other houses as near or nearer to the still as the house of the defendant. The state's witnesses testified only to these facts, and in addition thereto stated they did not know who owned or controlled the pasture or who was in possession of it, that they never saw the defendant there, and never found the still in his possession. To sum up the evidence offered by the state, a still was found about 200 yards from the defendant's house, and a path led from his house to the still.

[4] The same rules of evidence apply in cases involving the violation of the prohibition laws in its several phases as it does in all other criminal cases, and there should be no differentiation in the application of these rules simply because the accused is charged with this character of offense. In the instant case there was no testimony showing, or even tending to show, that the path in question contained tracks of any kind, much less tracks that bore the slightest resemblance to any track made by defendant. In fact it was not shown that the defendant had ever traveled or traversed the path in question. It was not shown that he owned, or had control or possession of the land upon which the still was found. In fact, the testimony of the state merely showed the still and the path and nothing more, and under no rules of evidence or measure of proof are such facts sufficient within themselves, or without more, to overcome or rebut the legal presumption of innocence which attends any one accused of the commission of a criminal offense. It follows that the defendant was entitled to his discharge on the testimony of the state and the ruling of the court to this end was sought in nearly every conceivable manner by the defendant, and each of these rulings, denying the discharge of the defendant, was error, any of which would effect a reversal of this case.

The evidence as a whole, which includes that of the defendant and his witnesses shows affirmatively and without conflict that the land on which the still was found was not owned or controlled or even in the possession of the defendant. It shows further without dispute that the still in question was not that of the defendant or in his possession or control; the defendant himself testifying that he had never even seen the still, and did not know it was there. No testimony was offered to refute these facts, and it is difficult to understand how the jury from this evidence could ever conclude and so find that from the evidence in this case it was shown that beyond all reasonable doubt and to a moral certainty the defendant was guilty as charged. Such a verdict, based upon evidence here offered, should not be suffered to stand. The court should have given the affirmative charge for defendant as requested, and should have ordered his discharge from further custody. Failing in this, the judgment of conviction is reversed, and one here rendered in favor of defendant discharging him from further custody in this proceeding.

Reversed and rendered.