### JACKSON v. STATE.   (8 Div. 838.)

(Court of Appeals of Alabama.   April 4, 1922.)

1. **Criminal law** ⬅878(3)—**Verdict of guilty under second count only acquittal of charge contained in first count.**

Where defendant was tried under an indictment containing two counts, and found guilty as to the second count only, the verdict was an acquittal of the charge contained in the first count.

2. **Indictment and information** ⬅87(8)—**Indictment charging offense prior to statute making it offense is defective.**

An indictment charging the possession of a still since September 30, 1919, is defective, because the statute making such possession an offense did not take effect until 60 days after that date.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

A. W. Jackson was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

The second count of the indictment charges, that after September 30, 1919, the defendant, whose Christian name is to the grand jury unknown, did have in his possession a still apparatus appliance, or device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors, etc.

R. E. Smith, of Huntsville, for appellant.

The verdict, having specified the second count, was an acquittal under the first count. 15 Ala. App. 180, 72 South. 757; 91 Ala. 32, 10 South. 30. Penal acts do not take effect until 60 days after approval, unless specially provided for by the act. Section 7805, Code 1907. The second count was therefore a nullity, and will not support the judgment. 17 Ala. App. 464, 86 South. 172; 17 Ala. App. 504, 86 South. 175; 159 Ala. 71, 48 South. 864, 133 Am. St. Rep. 20; section 7139, Code 1907.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The indictment contained two counts. Count 1 charged the defendant with distilling, making, or manufacturing prohibited liquors, naming them. The second count, omitting the formal parts, charged that after September 30, 1919, he did have in his possession a still, apparatus, etc., to be used for the purpose of manufacturing prohibited liquors. The verdict of the jury was, "We, the jury, find the defendant guilty as charged in the second count." The judgment of the court followed this verdict. The defendant having been tried under an indictment containing two counts, and found guilty as to the second count only, the verdict of the jury operated as an acquittal of the charge contained in the first count.

[2] Count 2 under which this defendant was convicted, is bad, and will not support the judgment of conviction based thereon. This identical question has been decided in Clark v. State, ante, p. 217, 90 South. 16.

Reversed and remanded.