(93 South. 214)

### KOONCE v. STATE. (4 Div. 691.)

(Court of Appeals of Alabama. April 11, 1922.)

Criminal law ⬉753(2)—Accused entitled to general affirmative charge, where evidence offered insufficient to overcome presumption of innocence.

Accused is entitled to the general affirmative charge, where the evidence offered is insufficient to overcome or rebut the legal presumption of innocence attending any one accused of the commission of a criminal offense.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Henry Koonce was convicted of violating the prohibition laws, and appeals. Reversed and remanded.

W. O. Mulkey, of Geneva, for appellant.

The court should have directed a verdict for the defendant. 90 South. 42; 89 South. 98.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p 395.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The facts adduced upon the trial of this case, in the court below, are very similar to the facts in the case of Clark v. State (Ala. App.) 90 South. 16.[1] If there is any difference in the evidence in these cases, it would appear that the evidence offered by the state in the case at bar is not as strong as the evidence in the Clark Case, supra. The same may be said as to the cases of Mitchell v. State, 89 South. 98,[2] and Adams v. State, 90 South. 42.[3] In each of these cases this court has held that the defendant was entitled to the general affirmative charge, for the reason that the evidence offered upon the trial failed to make out a case against these defendants, respectively, and in each instance it was held that the proof offered was insufficient to overcome or rebut the legal presumption of innocence, which attends any one accused of the commission of a criminal offense.

A careful examination of the entire record here leads us to the same conclusion. The judgment of the lower court is reversed, and the cause remanded, on the authority of Clark v. State (Ala. App.) 90 South. 16,[1] Adams v. State, ante, p. 143, 90 South. 42, and Mitchell v. State, ante, p. 119, 89 South. 98.

Reversed and remanded.