(92 South. 914)

### HAMMONS v. STATE. (7 Div. 744.)

(Court of Appeals of Alabama. May 9, 1922.)

1. **Criminal law ⬥308, 561(2)—Rules as to presumption of innocence and necessity of proof beyond a reasonable doubt apply to manufacture of liquor.**

On a trial for manufacturing liquors, as in other criminal cases, defendant enters on the trial with the usual presumption of innocence, and the state must prove his guilt beyond a reasonable doubt and to a moral certainty.

2. **Intoxicating liquors ⬥236(5)—Evidence insufficient to support conviction for manufacturing.**

Evidence as to the finding of a dismantled still and barrels containing mash or beer in the woods some distance from defendant's house and on land not shown to be in his possession or control *held* insufficient to sustain conviction for manufacturing liquor.

3. **Indictment and information ⬥87(8) — Indictment not alleging crime was committed since law went into effect held fatally defective.**

Count of indictment charging that defendant sold, gave away, or had in his possession a still, still cap, still worm, and still condenser, to be used for manufacturing prohibited liquors or beverages, was fatally defective, where it failed to allege that the offense was committed since January, 1919.

Appeal from Circuit Court, Talladega County; S. W. Tate, Judge.

Miles Hammons was convicted of violating the Prohibition Law, and he appeals. Reversed and remanded.

The first count charges the defendant with making, distilling, or manufacturing spirituous liquors, but does not allege that the offense was committed since January, 1919. The second count is as follows:

Miles Hammons sold, gave away, or had in his possession a still, appliances or devices or substitutes therefor, to wit, one still, one still cap, one still worm, one still condenser, to be used for the purposes of manufacturing prohibited liquors or beverages.

Merrill & Allen, of Anniston, for appellant.

The indictment was vague, uncertain, and ambiguous, and will not support a judgment of conviction. Acts 1919, p. 16; Acts 1919, p. 1086; section 6, Const. 1901; section 3179, Code 1907; 17 Ala. App. 464, 86 South. 172; 16 Ala. App. 534, 79 South. 314; ante, p. 217, 90 South. 16; ante, p. 223, 90 South. 55.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Although the second count was void, the first count was good; the verdict was a general verdict, and will be referred to the good count. Laminack v. State, ante, p. 399, 92 South. 502; Id., ante, p. 400, 92 South. 505.

BRICKEN, P. J. A dismantled still was found by the sheriff and his associates some distance from the home of this defendant, and about 200 yards from where the still was found the searching party also found a furnace, in the woods, near which there were some barrels containing mash or beer. The state's witnesses were uncertain as to the distance these things were found from the defendant's house, but there was one witness who actually stepped the distance, with the sole view of ascertaining how far it was from defendant's house, and this witness testified it was 715 or 720 steps from the place where the barrels and furnace were to the old sawmill road, and all the testimony shows that it was some distance from the old sawmill road to defendant's house. Each of the state's witnesses testified that they did not know whose land the still was on, or who was in possession of it, and that none of them had ever seen the defendant at or near the still, and could not testify that he had ever been at the still, or that he knew the still was there.

The only incriminating circumstance, as against this defendant, shown by the record, is that the state witnesses who were secreted around and near defendant's home saw him leave his home a little after daylight and go to his hogpen, which was but a short distance from his house. Some of the state witnesses testified they saw him a few steps beyond his hogpen. After defendant returned to his house, these officers followed a trail leading by the hogpen and on down into some woods, and finally came upon the still, etc., above mentioned. There was some testimony as to a fresh track in the trail, but the kind of track is not mentioned, and no attempt was made to show that it was the track of defendant. In fact, the evidence fails to show even that it was the track of a man. When the officers reached the still, furnace, etc., the beer or mash in the barrels appeared to have been freshly stirred; there being a wet place on the stick or paddle in the barrel, and also the sides of the barrel bore similar marks. There was nothing to show that the defendant was actually at the still, or had anything to do therewith.

After destroying the still, barrels, furnace, etc., the officers returned to defendant's house, and the sheriff had a conversation with defendant with reference to the whereabouts of one Ben Gilland, who he (the sheriff) was looking for; nothing whatever was said to the defendant about the still, or what had been found down in the woods. Later the defendant was indicted by the grand jury. The defendant denied any knowledge of the still, and by his own tes-

timony and that of other witnesses showed that he was not in the possession of the land upon which the still was found, and exercised no control or supervision over it.

[1, 2] As in all criminal cases, this defendant entered upon this trial with the usual presumption of innocence, and we are of the opinion that the evidence adduced against him is insufficient to overcome that presumption, and failed to meet the burden upon the state to prove his guilt beyond a reasonable doubt and to a moral certainty. This rule of evidence applies in a prosecution of this character, as it does in prosecutions for other offenses under the laws of this state.

[3] The court erred in refusing to give at the written request of the defendant the general affirmative charge as to count 2 of the indictment. This count was fatally defective and void. Clark v. State (Ala. App.) 90 South. 16;[1] Isbell v. State (Ala. App.) 90 South. 55;[2] Howard v. State, 17 Ala. App. 464, 86 South. 172; Miller v. State, 16 Ala. App. 534, 79 South. 314. This count being void, it would not support a conviction. Cagle v. State, 151 Ala. 84, 44 South. 381.

Reversed and remanded.