HILL v. STATE. (5 Div. 475.)

(Court of Appeals of Alabama. Dec. 4, 1923.)

1. Intoxicating liquors ⟨key⟩236(19)—Refusal of affirmative charge for defendant held error.

In a prosecution for manufacturing liquors and for possessing a still, evidence *held* insufficient to show guilt of accused by the measure of proof required by law.

2. Criminal law ⟨key⟩561(2)—State must prove guilt beyond reasonable doubt.

Before a conviction can be had the state must introduce proof of the guilt of accused beyond a reasonable doubt; otherwise, he is entitled to an acquittal, mere suspicions or conjecture being insufficient, and the same rules of evidence and measure of proof necessary to convict obtain in liquor cases as in other criminal cases.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Charlie Hill, alias June Hill, was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Denson & Denson, of Opelika, for appellant.

The state failed to show the guilt of the defendant by the measure of proof required by law, and the affirmative charge should have been given at defendant's request. Gay v. State, ante, p. 238, 96 South. 646; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Jones v. State, 18 Ala. App. 116, 90 South. 135; Clark v. State, 18 Ala. App. 217, 90 South. 16; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Newell v. State, 16 Ala. App. 77, 75 South. 625; Pickens v. State, 115 Ala. 42, 22 South. 551; Gilmore v. State, 99 Ala. 154, 13 South. 536; Ex parte Acree, 63 Ala. 234.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was a conflict in the testimony, and sufficient evidence to justify the conviction. Hence the affirmative charge was properly refused.

FOSTER, J. Appellant (defendant in the court below) was convicted of violation of the prohibition law on an indictment containing two counts, the first count charging the manufacture of prohibited liquors and the second count charging possessing a still, etc.

[1] The evidence for the state tended to show that a still complete, except for the worm, with about 200 gallons of beer, was found at a distance of from 200 to 250 yards from the defendant's house; that a road led from the defendant's house by the still to a coal kiln; that charcoal was found at the still; that there were wagon tracks along the road; and that there were man tracks in the road leading to and from defendant's house to the still. The defendant offered no testimony. There was no conflict in the evidence.

A careful examination of the record fails to disclose that the still was located on land in the possession or under the control of the defendant, or that any product of the still was found on his premises, or that he had ever been at or near the still, or that he had ever traveled the road on foot or in a wagon, or that he owned a wagon. There was testimony that there was another house in about a quarter or half mile of the still.

[2] Mere suspicions or conjecture are not sufficient in law to sustain a judgment of conviction in a criminal case. The same rules of evidence and measure of proof obtain in liquor cases as in all other criminal cases. Before a conviction can be had the state must introduce proof of the guilt of the defendant beyond a reasonable doubt, and failing in this the defendant is entitled to an acquittal.

There are numerous decisions of our courts holding that evidence of the kind offered in this case is wholly insufficient to justify a conviction. We so hold here. Gay v. State (Ala. App.) 96 South. 646; [1] Hammons v. State, 18 Ala. App. 470, 92 South. 914; Jones v. State, 18 Ala. App. 116, 90 South. 135; Clark v. State, 18 Ala. App. 217, 90 South. 16; Mitchell v. State, 18 Ala. App. 119, 89 South. 98.

The state has failed to show the guilt of the defendant by the measure of proof required by the law. Newell v. State, 16 Ala. App. 77, 75 South. 625; Pickens v. State, 22 South. 551, 115 Ala. 42.

For the refusal of the court to give the affirmative charge requested by the defendant

the judgment of conviction is reversed and the cause is remanded.

Reversed and remanded.