## DAWKINS v. STATE. (5 Div. 473.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

**1. Intoxicating liquors 238(2) — Denial of affirmative charge error where guilt based on conjecture.**

In prosecution for violation of prohibition law, where defendant's connection with the unlawful distilling of liquors in the vicinity where he lived was based on conjecture and suspicion, the denial of the affirmative charge was error.

**2. Criminal law 561(2)—Intoxicating liquors 224—Same rules of evidence in trials for violation of liquor laws as in other cases.**

The same rules of evidence obtain in prosecutions under the prohibition laws as apply in all other criminal cases; legal presumption of innocence exists, and burden is on state to prove guilt beyond reasonable doubt and to a moral certainty.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Frank Dawkins was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Denson & Denson, of Opelika, for appellant.

The testimony was insufficient as a basis of a conviction, and the affirmative charge for defendant should have been given. Hanson v. State, ante, p. 249, 96 South. 655; Gay v. State, ante, p. 238, 96 South. 646; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Morris v. State, 18 Ala. App. 435, 92 South. 910; Jones v. State, 18 Ala. App. 116, 90 South. 135; Clark v. State, 18 Ala. App. 217, 90 South. 16; Adams v. State, 18 Ala. App. 143, 90 South. 42; Mitchell v. State, 18 Ala. App. 119, 89 South. 98.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was a conflict in the testimony, and the affirmative charge was properly refused.

BRICKEN, P. J. The evidence of the state as shown by this record shows conclusively that some person or persons had been unlawfully engaged in the distilling, making, or manufacturing of prohibited liquor in the vicinity where this defendant lived and in from 200 to 500 yards of his dwelling house. But there is a total lack of any evidence to connect this defendant therewith. The state's own testimony discloses the undisputed fact that the still in question was not on the premises, or land, of the defendant, and that he did not have possession or control of the land upon which the still was located, nor did he exercise any supervision over it whatever. Nor is there any testimony showing, or tending to show, that this defendant had ever set foot upon the land in

question at or near the still. He was absent from home on the day the officers found the still and the keg of whisky, and so far as the testimony shows' he was never seen at or near the place. The testimony showed there were other dwelling houses where people lived in as close proximity to the still place as was that of the defendant's. In addition to the testimony of the finding of the still and a keg of whisky, it was shown that a path led away from the still for a short distance and in the direction of where defendant lived.

This case as to the facts is not unlike the case of Mitchell v. State, 18 Ala. App. 119, 89 South. 98. In that case this court said:

"The mere fact that a small distilling outfit is set up in a wood 150 or 200 yards from defendant's house, on land not in possession or under the control of defendant, and that one of the paths leading from the place went in the direction of defendant's house, is a circumstance, and to be considered when other circumstances connect the defendant with the still, but standing alone is not sufficient to convict."

In the instant case, counsel for appellant in brief aptly state:

"The strongest case made by the evidence against the defendant ,was that a still, some beer, liquor and barrels were found at a distance of 250 to 500 yards from defendant's house and that a path led from the still in the direction of his house; at the same time the evidence showing affirmatively that none of these articles were located on land owned or controlled or in possession of the defendant. This testimony is insufficient upon 'which to base a conviction for manufacturing prohibited liquors."

[1] The defendant requested in writing the affirmative charge, and as there was no evidence adduced upon this trial to sustain a conviction of the defendant, this charge should have been given. The conviction of this defendant was manifestly predicated upon conjecture, suspicion, or by guess, and it stands to reason that no conviction for crime should be had or permitted to stand when resting upon such premise.

[2] Again we state: The same rules of evidence obtain in the trial of a person charged with a violation of any of the prohibition laws of the state as apply in all other criminal cases; that the legal presumption of innocence attends the accused in a prosecution of this character as it does in all other criminal cases; and that the burden is upon the state to introduce sufficiently satisfying evidence of the guilt of the defendant beyond a reasonable doubt and to a moral certainty before a conviction of the accused can be had. In this case the state failed to meet such burden. The conviction of the defendant under all the evidence in this case was erroneous and wrongful and cannot be permitted to stand. Hanson v. State (Ala.

App.) 96 South. 655;[1] Gay v. State (Ala. App.) 96 South. 646;[2] Hammons v. State, 18 Ala. App. 470, 92 South. 914; Jones v. State, 18 Ala. App. 116, 90 South. 135; Clark v. State, 18 Ala. App. 217, 90 South. 16; Adams v. State, 18 Ala. App. 143, 90 South. 42; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Charlie Hill v. State, ante, p. 483, 98 South. 317.

Reversed and remanded.

<hr>

[1] Ante, p. 249.   [2] Ante, p. 238.