**THOMAS v. STATE.  (5 Div. 474.)**

(Court of Appeals of Alabama. Dec. 18, 1923.)

**1. Criminal law ⬥552(2)—Evidence of opportunity to commit crime or knowledge of commission insufficient to convict.**

Evidence of opportunity to commit crime or knowledge of its commission is not sufficient to convict.

**2. Intoxicating liquors ⬥236(19)—Conviction of manufacturing held not sustained.**

Evidence *held* insufficient to sustain a conviction of manufacturing whisky.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Jackson Thomas was convicted of manufacturing whisky, and appeals. Reversed and remanded.

Denson & Denson, of Opelika, for appellant.

The circumstances that the still, etc., was found near by, that a path led therefrom in the direction of defendant's house, and tracks of defendant were found therein, are not sufficient upon which to rest a conviction, and the motion for new trial should have been granted. Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Clark v. State, 18 Ala. App. 217, 90 South. 16; Jones v. State, 18 Ala. App. 116, 90 South. 135.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence was in conflict, and the affirmative charge and motion for new trial were properly refused.

SAMFORD, J. [1, 2] The evidence for the state tends to prove the finding of two stills, some mash, and some manufactured whisky, in the woods about 400 yards from defendant's house. The defendant (a negro) was the tenant of one Huling and was not in possession of the land upon which the stills were located. A path led from the rear of defendant's residence to the still place, and a track made by a No. 8 or 9 shoe went from the rear of defendant's backyard to the still place; that the defendant "put his foot in the track and it fit." There was also evidence of another path leading from the still in the opposite direction from defendant's house. There was no evidence to connect the defendant with the manufacture of whisky other than the above. Opportunity to commit crime, or even a knowledge of its commission, without more, is not sufficient evidence upon which to base a verdict of guilt. Under the evidence the still was on the land of another. Proof of the corpus delicti was made, but even admitting that the defendant knew all about the still, its location and operation, and even had at times been present, as its proximity, location, and tracks might seem to indicate, there is no evidence connecting the defendant with any act of manufacturing or of aiding or abetting in the crime.

The motion for a new trial should have been granted. Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Clark v. State, 18 Ala. App. 217, 90 South. 16; Jones v. State, 18 Ala. App. 116, 90 South. 135.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes