### WHEAT v. STATE. (6 Div. 248.)

(Court of Appeals of Alabama. Jan. 15, 1924.)

**1. Criminal law ☞995(1)—Unnecessary expressions in judgment treated as surplusage.**

Where count in indictment under which defendant was convicted correctly charged unlawful possession of a still under Acts 1919, p. 1086, and verdict of guilt was referable to that count, unnecessary expressions in the judgment may be treated as surplusage, as judgment sentencing defendant in accordance with verdict sufficiently implied the judgment of guilt.

**2. Intoxicating liquors ☞238(1)—Refusal of defendant's affirmative charge held error.**

In prosecution for violation of the prohibition law, where from the whole evidence it affirmatively appeared that the still in question was not on land in possession or control of defendant, and that he had no supervision or control of the land, evidence *held* insufficient to overcome presumption of his innocence, and denial of affirmative charge was error.

**3. Criminal law ☞308, 327—Presumption of innocence attends accused on trial.**

A presumption of innocence of accused as to the offense charged attends him on trial, and before conviction can be permitted to stand the state must establish guilt beyond all reasonable doubt and to a moral certainty.

Appeal from Circuit Court, Pickens County; R. I. Jones, Judge.

Johnnie Gilbert Wheat was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Count 2 of the indictment is as follows:

"(2) The grand jury of said county further charges that before the finding of this indictment Johnnie Gilbert Wheat, since the 1st day of January, 1920, did make, manufacture, sell, give away, or have in his possession a still, apparatus, appliance or device or substitute, to be used for the purpose of manufacturing prohibited liquors or beverages contrary to law, and against the peace and dignity of the state of Alabama."

The judgment entry recites:

"Thereupon came a jury of good and lawful men, to wit, T. H. Somerville, foreman, and eleven others, who, being impaneled, charged, and sworn according to law, upon their oaths do say, 'We, the jury, find the defendant guilty in count No. 2 as charged in indictment.' It is therefore considered by the court, and it is the order and judgment of the court, that the defendant, Johnnie Gilbert Wheat, is guilty of having in his possession a still, apparatus, appliance, or a device or substitute therefor. And now, on this the 13th day of November, 1922, the defendant, being present in open court, and having been present in his own proper person during the entire time of the trial of this case, being asked by the court if he has anything to say why the sentence of the law should not now be pronounced upon him, says nothing. It is therefore considered by the court, and it is the order, the judgment, and the sentence of the court, that the defendant, Johnnie Gilbert Wheat, be confined in the penitentiary of the state of Alabama for the term of not less than 1 nor more than 1½ years, and that the state of Alabama, for the use of Pickens county, have and recover of the defendant the costs in this case, for which let execution issue."

Jones, Jones & Van de Graff, of Tuscaloosa, for appellant.

The evidence was insufficient to support a conviction for possessing a still, and the court erred in refusing to give the general affirmative charge in favor of appellant, as requested. Clark v. State, 18 Ala. App. 217, 90 South. 16; Adams v. State, 18 Ala. App. 143, 90 South. 42; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Koonce v. State, 18 Ala. App. 438, 93 South. 214; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Jones v. State, 18 Ala. App. 116, 90 South. 135; Seigler v. State, ante, p. 135, 95 South. 563; Moon v. State, ante, p. 176, 95 South. 830; Hanson v. State, ante, p. 249, 96 South. 655; Knight v. State, ante, p. 296, 97 South. 163.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The judgment entry in this case is sufficient. Estes v. State, 18 Ala. App. 606, 93

South. 217; Roberson v. State, 18 Ala. App. 634, 94 South. 132; Wells v. State, ante, p. 403, 97 South. 681.

BRICKEN. P. J. The infirmities in the record as originally filed in this court, to which our attention is directed by brief of counsel for appellant, were cured by the returns made to the writ of certiorari issued from this court on April 21, 1923. The record proper as submitted on November 29, 1923, is without error, and appears regular in all things; therefore the insistence of error in this connection cannot be sustained.

[1] It is next contended that the judgment in this case is insufficient and defective. Counsel for appellant cite no authorities in support of this insistence. The second count of the indictment, under which the defendant was convicted, correctly charged the offense of unlawfully possessing a still under the terms of the statute (Acts 1919, p. 1086). The verdict of the jury was referable to the second count of the indictment. While it is apparent that some of the expressions contained in the judgment entry are unnecessary as relating to the validity of the judgment, these expressions may be treated as mere surplusage, as the judgment sentencing the defendant to the penitentiary in accordance with the verdict of the jury sufficiently implies the judgment of guilt, and, as stated in the case of Ex parte Roberson, 123 Ala. 103, 26 South. 645, 82 Am. St. Rep. 107, "is a judgment of conviction which would even support an appeal." See, also, Wilkinson v. State, 106 Ala. 28, 17 South. 458; Driggers v. State, 123 Ala. 46, 26 South. 512; Talbert v. State, 140 Ala. 96, 37 South. 78. Hardaman v. State, 17 Ala. App. 49, 81 South. 449, same case on certiorari, 202 Ala. 694, 81 South. 656; Wells v. State, ante, p. 403, 97 South. 681 (on rehearing).

[2, 3] The remaining question relates to the refusal of the court to give the affirmative charge requested in writing by defendant. Under the undisputed evidence in this case we think the defendant was entitled to this charge, and the court erred in its refusal. This appellant was convicted of possessing a still. From the whole evidence it affirmatively appears that the still in question was not on any land in the possession or control of defendant; to the contrary, the only testimony on this question shows without dispute that the still was not on defendant's land, and that he had no supervision or control of the land upon which it was located. We do not mean to imply or to hold that, if the still had been located upon the lands owned or in the possession of the defendant, or under his control, that fact alone would be sufficient upon which to base a verdict of guilty of being in possession of the still. It would of course be a circumstance to be considered in connection with all the other facts, but, standing alone, without more to connect the defendant with the possession of the still, it would be utterly insufficient upon which to base a verdict of this character. Under the law a presumption of innocence of the accused as to the offense charged attended him upon this trial, and it is an elementary rule of evidence that, before a conviction of a person accused of crime can be had or permitted to stand, the state must assume and carry the burden to adduce evidence to establish the guilt of 'the defendant beyond all reasonable doubt and to a moral certainty, these two expressions being synonymous in their meaning. In the instant case the evidence offered was insufficient to overcome the presumption of the defendant's innocence. A still in the vicinity of a man's home (in this case from 400 yards to one half mile), a path leading from that still in the direction of the home of accused, without more, is in no sense the requisite proof necessary under the rule announced, and, if lower courts and juries predicate verdicts of guilt upon such inadequate facts, as appears to have been done in this case, the injurious error must be cured by the appellate courts in order that the accused may be accorded a fair and impartial trial, free from hurtful error, such as is contemplated by the Constitution and laws of the state.

The case at bar is similar in many respects to the following cases: Hanson v. State (Ala. App.) 96 South. 655; [1] Gay v. State (Ala. App.) 96 South. 646; [2] Hammons v. State, 18 Ala. App. 470, 92 South. 914; Jones v. State, 18 Ala. App. 116, 90 South. 135; Clark v. State, 18 Ala. App. 217, 90 South. 16; Adams v. State, 18 Ala. App. 143, 90 South. 42; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Hill v. State, ante, p. 483, 98 South. 317; Dawkins v. State, ante, p. 501, 98 South. 492.

The defendant, under the evidence in this case, was entitled to his discharge, and the refusal of the affirmative charge requested in writing was error. The judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.