WATTS v. STATE. (6 Div. 305.)

(Court of Appeals of Alabama. Jan. 22, 1924.)

1. Intoxicating liquors ⏗236(19)—Evidence held insufficient to support conviction.

Evidence *held* insufficient to support a conviction for possessing a still.

2. Criminal law ⏗554—Testimony of accused to be considered under the same rules as any witness.

A person accused of crime may give testimony in his own behalf, and the jury should consider this testimony and determine the credibility thereof, under the same rules and principles as that of any witness, and cannot reject it, without regard to its credibility, because of defendant's interest.

Appeal from Circuit Court, Winston County; Ernest Lacy, Judge.

Oscar Watts was convicted of possessing a still, and appeals. Reversed and remanded.

Mayhall & Mayhall, of Haleyville, for appellant.

The evidence was insufficient to convict the defendant; the motion for new trial should have been granted. Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Clark v. State, 18 Ala. App. 217, 90 South. 16; Jones v. State, 18 Ala. App. 116, 90 South. 135; Reed v. State, 18 Ala. App. 181, 90 South. 37; Morris v. State, 18 Ala. App. 435, 92 South. 910; Roberson v. State, 18 Ala. App. 69, 88 South. 355; Lee v. State 18 Ala. App. 566, 93 South. 59; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Mills v. State, 17 Ala. App. 493, 85 South. 867.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The conviction was proper, and should not be disturbed. Grissett v. State, 18 Ala. App. 675, 94 South. 271; Id., 208 Ala. 439, 94 South. 274.

BRICKEN, P. J. [1] The only question presented upon this appeal is the sufficiency of the evidence to support the verdict of the jury and the judgment pronounced thereon. This question is presented by the exception reserved to the refusal to the court to grant defendant's motion for a new trial. The evidence has been examined, and in the opinion of the court is not sufficient to overcome the presumption of innocence which at-

tended the accused as a matter of law; this presumption being evidentiary in its nature. There was an absolute lack of testimony to connect the defendant with the possession of the articles found by state's witnesses in a pasture about a quarter or half mile from defendant's home, and which was termed by them "a still." The testimony of state witness John Waid, in no manner connects the defendant with the so-called still testified to by state witnesses Andrews and Rowe, as there is nothing in his testimony showing or tending to show that the box of beer alleged to have been shown to him by defendant was at the same place where the alleged still was said to have been found, nor does it appear from the testimony that the different occurrences disclosed by the testimony happened on the same day; and, so far as the testimony in this record shows, there is nothing to connect the facts testified to by state witness Waid with those testified to by the other state witnesses. To the contrary the undisputed evidence shows that the defendant was in bed sick on the day of the finding of the so-called still, and had been so confined to his bed for three or four days. By its evidence the state failed to meet the required burden of proof, and it is manifest that the testimony of the defendant and his witnesses was given but slight, if any, consideration.

[2] Under the law, a person accused of crime may give testimony in his own behalf, and the jury should consider this testimony and determine the credibility thereof under the same rules and principles as with any witness; that is to say, in the light of whatever interest he may have in the case. The jury should not permit the fact that the accused, while testifying, is burdened with an imputation of crime to influence them to such an extent that they will disregard his evidence, if they believe it is true. They should remember that. though accused, he is presumed to be innocent, until they are convinced he is guilty (under the required measure of proof), and their verdict must be based upon the whole evidence, including that of the accused. Hence, the jury may not, at pleasure and without regard to the elements of credibility which the evidence of the accused may possess, reject it because of his interest. They must always fairly consider his evidence together with all the evidence in the case. Underhill, Crim. Ev. (2d Ed.) § 58. This rule applies in cases where the accused is charged with the offense of violating the prohibition laws, as it does in all other criminal cases. In fact, the rules of evidence and procedure generally in all criminal cases should not be altered or changed even though the defendant is charged with a violation of some law enacted for suppressing the evils of intemperance.

The case at bar is in many respects similar to the following cases: Wheat v. State (Ala. App. 6 Div. 248) 98 South. 698; [1] Dawkins v. State (Ala. App.) 98 South. 492; [2] Charlie Hill v. State (Ala. App.) 98 South. 317; [3] Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Adams v. State, 18 Ala. App. 143, 90 South. 42; Clark v. State, 18 Ala. App. 217, 90 South. 16; Jones v State, 18 Ala. App. 116, 90 South. 135; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Gay v State (Ala. App.) 96 South. 646; [4] Hanson v. State, ante, p. 249, 96 South. 655.

Reversed and remanded.

[1] Ante, p. 538.     [2] Ante, p. 501.     [3] Ante. p. 483.     [4] Ante, p. 238.