## LEITH v. STATE. (6 Div. 409.)

(Court of Appeals of Alabama. Sept. 2, 1924.)

1. **Criminal law ⚖=>1144(3)—Demurrer to plea in abatement, omitted from record, presumed properly sustained.**

Order sustaining state's demurrer to plea in abatement for misnomer of defendant, where demurrer was omitted from the record, was presumed proper. ·

2. **Indictment and information ⚖=>81(I)— Averment that name of defendant unknown to grand jury held to exempt indictment from plea of misnomer.**

Though Code 1907, § 7142, requires that indictment must be certain as to person charged, indictment misnaming defendant is not subject to plea of misnomer, if, after designating defendant by initials, it alleges, "whose name is to the grand jury otherwise unknown."

3. **Indictment and · information ⚖=>184—False averment that defendant's name unknown to grand jury will not cure failure to name him.**

If it develops on trial that an averment designating defendant by initials, "whose name is otherwise to the grand jury unknown," is untrue, there can be no conviction.

4. **Intoxicating liquors ⚖=>236(19)—Evidence held insufficient to sustain conviction of possessing still.**

, Unless the evidence shows, or tends to show, something more than a still in defendant's neighborhood, and path leading therefrom in direction of ' defendant's home, conviction of possessing a still cannot stand.

5. **Intoxicating liquors ⚖=>236(19)—Finding of copper pot near defendant's home held irrelevant, in prosecution for possessing still.**

In prosecution for possessing still, finding of copper pot or vessel 47 yards from defendant's home *held* not to shed light on issues involved.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

J. W. Leith was convicted of possessing a still, and appeals. Reversed and remanded.

Curtis, Pennington & Pou, of Jasper, for appellant.

When a defendant is charged by his initials only, a plea of misnomer should be sustained. Pitts v. State, 19 Ala. App. 559, 99 South. 51; Plain v. City of Birmingham, 16 Ala. App. 468, 79 South. 142; Hewlett v. State, 135 Ala. 59, 33 South. 662; White v. State, 7 Ala. App. 69, 61 South. 463. The mere fact that a part of a still is found near the defendant's residence is insufficient upon which to base a verdict of guilt. Wheat v. State, 19 Ala. App. 538, 98 South. 698; Fair v. State,, 16 Ala. App. 152, 75 South. 828.; Roberson v. State, 18 Ala. App. 69, 88

South. 355; Spelce v. State, 17 Ala. App. 401, 85 South. 835; Aaronheart v. State, 17 Ala. App. 399, 85 South. 838; Oldacre v. State, 16 Ala. App. 151, 75 South. 827. If the apparatus testified about was not suitable for making whisky, defendant could not be convicted. Griggs v. State, 18 Ala. App. 467, 93 South. 499; Wilson v. State, ante, p. 62, 100 South. 914; Acts 1919, p. 1086.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

In the absence from the record of the demurrer. it will be presumed the ruling of the court was correct. Richard v. Steiner Bros., 152 Ala. 303, 44 South. 562; C. of Ga. v. Ashley, 159 Ala. 154, 48 South. 981; Strickland v. State, 150 Ala. 1, 43 South. 188. The indictment averred that defendant's name was otherwise unknown, and was not defective. Gerrish v. State, 53 Ala. 476; Haley v. State, 63 Ala. 83; Code 1907, § 7142.

BRICKEN, P. J. Count 1 of the indictment was eliminated by the court having given the affirmative charge as to said count in favor of defendant, and followed by the verdict of the jury which found the defendant guilty under the second count. This, of course, operated as an acquittal of the charge contained in the first count—that of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol.

The second count, to which the verdict of guilty referred, charged the offense denounced by the statute approved September 30, 1919 (Acts 1919, p. 1086). The count charged that this defendant did manufacture, sell, or give away, or have in his possession, a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law.

[1] Before pleading to the merits of the indictment, the defendant interposed a plea in abatement, known under the law as a plea of misnomer. In said plea, which was duly verified by affidavit, as the law requires, the defendant set up that "his true name is Joe Wheeler Leeth, and not J. W. Leath, alias J. W. Leith, as alleged in the indictment, and that he has never been known or called by the name of J. W. Leath, of J. W. Leith, etc.

[2, 3] From the minute entry we' gather that the court sustained the state's demurrer to said plea. No demurrer, however, is contained in this record, and for that reason we are unable to pass upon this question, and under the well-settled rule we must indulge the presumption that the court's ruling in this respect was proper and without error. Moreover, we note that the indictment contains the averment, after designating the defendant by initials, "whose name is to the

grand jury otherwise unknown." This averment relieves the indictment of the infirmity noted in this respect in the following cases: Gerrish v. State, 53 Ala. 476; Lyon v. State, 61 Ala. 229; Washington v. State, 68 Ala. 85; Winter v. State, 90 Ala. 637, 8 South. 556; Wellborn v. State, 154 Ala. 80, 45 South. 646; Jones v. State, 181 Ala. 75, 61 South. 434; Axelrod v. State, 7 Ala. App. 62, 60 South. 959; Smith v. State, 8 Ala. App. 192, 63 South. 575; Butler v. State, 17 Ala. App. 512, 85 South. 864. Code 1907, § 7142, expressly provides the indictment must be certain as to the person charged; but, when his name is unknown to the grand jury, it may be so alleged without further identification. An indictment so framed is therefore not subject to a plea of misnomer; but, as held in Butler v. State, supra, if it develops upon the trial that the averment, "whose name is otherwise unknown to the grand jury," is untrue, there can be no conviction. See, also, Winter's Case, 90 Ala. 367, 8 South. 556; Cheek's Case, 38 Ala. 227; Butler's Case, supra.

[4] It is evident that the conviction of this defendant rested upon the evidence of the state's witnesses, which tended to show that, at a distance of about 657 yards from defendant's house, through and beyond some woods, a complete still was found, and that a path led from that still to the defendant's home. There was no evidence that this defendant had ever traveled that path to the still; in fact, the only evidence on that question was the testimony of the defendant, who stated emphatically that he never had done so while the still was there, and did not know anything about a still being there. It was shown by the testimony that men and women tracks were seen in the path; but there was no effort made or offer to show that any of these tracks were made by the defendant, or that any of the tracks testified to as being in the path resembled the track of the defendant, or were in any manner similar thereto. Several witnesses shown to have been familiar with the path in question testified that the path, or trail, led from the public road at the Pink Waldrop place, and through by defendant's place, and on by near the still place to White Branch. Witness Lewis Perolio, who was shown to be thoroughly familiar with all the surroundings, and who made a map or diagram showing all the points testified to in this case, stated:

"The path leaves the public road at the Pink Waldrop place, and goes right through by the J. W. Leath (defendant) place, and on by the still place, and on to the public road, and on to White Branch. That said path had been there for years, and long before this defendant (who had only lived there two years) moved into that community."

The evidence was without dispute that the public generally traveled this path; that it was a short cut from one public road to another. At the time the officers found the still in question this defendant was not present, but had gone with a neighbor some miles away to see a doctor. There is no evidence that this defendant was ever at the still, and he testified he had never seen it and did not know it was there. There was no evidence showing or tending to show that the still was on defendant's land, or upon premises over which he had or exercised any control. On the contrary, it was shown without dispute that the still was located upon the land of the Tennessee Coal & Iron Company, and the evidence, without conflict, tended to show that this defendant had no connection with, or control of, said land.

A great number of questions are presented upon this appeal, and several of the insistencies of error appear to be well taken; but from what has been said it is clear that the court should have given the general affirmative charge as to count 2 of the indictment which was requested in writing by the defendant. As to this count, the state failed to meet the required burden of proof, and failed to connect the defendant with the still in question in any manner.

[5] The court gave the general affirmative charge as to count 1. Under the authority of Newt Wilson v. State (Ala. App.) 100 South. 914,[1] the copper pot or vessel, alleged to have been found outside of the field and about 47 yards from defendant's house, could shed no light upon the issues involved upon this trial. This court again holds, as we have so often held, that unless the evidence shows or tends to show something more than a still in the neighborhood where a defendant lives, and a path leading therefrom in the direction of the home of accused, a conviction cannot be permitted to stand, predicated alone upon such evidence. Clark v. State, 18 Ala. App. 217, 90 South. 16; Koonce v. State, 18 Ala. App. 439, 93 South. 214; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Adams v. State, 18 Ala. App. 143, 90 South. 42; Hanson v. State, 19 Ala. App. 249, 96 South. 655; Hill v. State, 19 Ala. App. 483, 98 South. 317; Gay v. State, 19 Ala. App. 238, 96 South. 646; Spelce v. State, 17 Ala. App. 401, 85 South. 835; Hammons v. State, 18 Ala. App. 470, 92 South. 914.

Reversed and remanded.

