(104 So. 351)

## ROWELL v. STATE. (8 Div. 251.)

(Court of Appeals of Alabama. May 12, 1925.)

Intoxicating liquors ⬅➡236(19)—Conviction of distilling held not supported by evidence.

Evidence *held* insufficient to support conviction of distilling whisky, as giving rise to mere suspicions, surmises, or conjectures of guilt.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Ned. Rowell was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Bradshaw & Barnett, of Florence, for appellant.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The affirmative charge for defendant should have been given. Moon v. State, 19 Ala. App. 176, 95 So. 830; Thomas v. State, 19 Ala. App. 499, 98 So. 322; Stanley v. State, ante p. 387, 102 So. 245.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. The defendant was convicted of the offense of distilling, and appeals.

The evidence for the state, in its strongest aspects, was that a complete still, in operation, and from which whisky was running, was found between a quarter and a half mile from defendant's home; whether said still was on premises owned or controlled by defendant, not appearing. That some empty jugs which had contained whisky were found near defendant's house. That some whisky was found near his house. That the defendant was seen going across a cornfield to his home from the same direction as the still. That two sacks of malt corn were found on defendant's premises, about 75 yards from his house. That there were three paths leading from the still, one directly to defendant's house and two in another direction. The same testimony showed that there was another house occupied by people, about the same distance from the still, as the defendant's and also accessible by means of paths leading toward the still. This was substantially all that the evidence showed. It is true it gives rise to suspicions, surmises, or conjectures of the defendant's guilt. But under the repeated holdings of this court the evidence introduced was insufficient to support a conviction, and the refusal to give the general affirmative charge in favor of the defendant, duly requested, was error. Jones v. State, 18 Ala. App. 116, 90 So. 135; Clark v. State, 18 Ala. App. 217, 90 So. 16; Moon v. State, 19 Ala. App. 176, 95 So. 830; Thomas v. State, 19 Ala. App. 499, 98 So. 322.

It will be borne in mind that the defendant is not being prosecuted for the offense of having liquor in his possession, in this case, as he well might successfully be, under the evidence, but it is being sought to have him incarcerated in the penitentiary for a felony upon evidence which, as pointed out in the above-cited cases, is insufficient.

For the error mentioned, let the judgment be reversed and the cause remanded.

Reversed and remanded.